1  YUNG MING CHOU, ESQ (SBN 172118)
   39111 Paseo Padre Parkway, Suite 207
2  Fremont, CA 94538
   Tel.: (510) 713-8698
3  Fax: (510) 713-8690

4  Attorney for Plaintiffs
   ATECH FLASH TECHNOLOGY INC. & SUNUS SUNTEK INC.

FILED

2007 JUN -6  P 3: 37

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ATECH FLASH TECHNOLOGY INC. &
SUNUS SUNTEK INC.

Plaintiff,

vs.

MARTIN C. LIN, YUSHAN WANG, A.K.A.
SAMANTHA WANG, AND IMAGE
DEVICE INC.

Defendants.

Case No. C07 02949 PVT

COMPLAINT FOR DAMAGES

[DEMAND FOR JURY TRIAL]

Comes now Plaintiffs Atech Technology Inc. (hereinafter "Atech"), a California corporation, and Sunus Suntek Inc. (hereinafter "Suntek"), a California corporation, (collectively hereinafter referred to as "Plaintiffs"), through their undersigned counsel, and allege as follows:

THE PLAINTIFFS

1. Plaintiff Atech is a corporation organized under the laws of the State of California and having its principal place of business at 46045 Warm Springs Blvd., Fremont, CA 94539. Plaintiff Suntek is a corporation organized under the laws of the State of California and having its principal place of business at 46045 Warm Springs Blvd., Fremont, CA 94539. Plaintiff Atech is a division of Suntek and is actively involved in the sale and manufacture of multi-media carders and the peripheral parts and products.

THE DEFENDANTS

1

(COMPLAINT FOR DAMAGES)

2. On information and belief, Defendant Martin C. Lin (hereinafter "Lin"), is an individual with primary residence located at 4214 Silver Peak Parkway, Suwanee, GA 30024.

3. On information and belief, Defendant Yushan Wang, also know as Samantha Wang, (hereinafter "Wang") is an individual with primary residence located at 5339 Prospect Road, #280, San Jose, CA 95129.

4. On information and belief, Image Device Inc. (hereinafter referred to as "Image Device") is a Georgia corporation with its principal place of business at 400 Peachtree Industrial Blvd., Suite 6, Suwanee, GA 30024. On further information and belief, Defendant Image Device uses 5339 Prospect Road, #280, San Jose, CA 95129 as its US headquarter in conducting business.

5. All of the aforesaid defendants are hereinafter collectively referred to as the "Defendants".

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 and the venue is proper 28 U.S.C. §1391 because: (a) Defendant Image Device is foreign corporation and Defendant Lin is a foreign individual, (b) there is complete diversity of citizenship between Plaintiff and Defendants Image Device and Lin , (c) the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and (d) a substantial part of the events giving rise to the claim occurred in this district.

## COMPLAINT

7. Defendants Lin and Wang started to work for Plaintiff Suntek in or about 1998. Later Defendants Lin and Wang were transferred to Plaintiff Atech and continued to work as a branch manager and marketing manager respectively until March 31, 2006. Plaintiffs are informed and believe, and thereupon allege, that Defendant Lin is the sole shareholder of Defendant Image Device, and both Defendants Lin and Wang are currently working for Defendant Image Device.

8. As a condition for their employment by Plaintiffs Suntek and Atech, Defendants Lin and Wang agreed and acknowledged that certain information such as customer lists, vendor lists, pricing data, sources of supply, and financial data of Plaintiffs constitute valuable proprietary

2

(COMPLAINT FOR DAMAGES)

rights and trade secret. Defendants Lin and Wang also agreed that they would not disclose or use Plaintiffs' trade secret without obtaining an authorization or permission from Plaintiffs, and any unauthorized use or disclose of such trade secret would constitute unfair competition.

9. Defendants Lin and Wang further agreed that they would not disclose, call on, solicit, or take away any of Plaintiffs' customers after the termination of their employment with Plaintiffs.

10. Plaintiffs' customer lists have great economic value in that it contained information not generally known within the trade and represented many years of research and client communications. The customer lists provide any business in the same or similar trade as Plaintiffs with ready and accessible contacts of potential buyers. Plaintiffs have spent substantial amount of time, energy, and money in generating such customer lists, and have made reasonable efforts to insure that the customer lists remained a secret by disclosing the lists only to those employees who needed the information to perform their jobs. Plaintiffs have also made reasonable efforts to insure the secrecy of their customer lists by requesting all employees to agree not to disclose or use Plaintiffs' trade secret without Plaintiffs' prior authorization and advising them of the severe consequence of any such violation.

11. In or about January 2006, Defendants Lin and Wang registered a domain name "pixeldevice.com" with the intent to conduct business in the sale of multi-media card readers in direct competition with Plaintiff Atech. Defendants Lin and Wang later abandoned "pixeldevice.com" after they unintentionally revealed the domain name in Plaintiffs' offices.

12. In or about March 2006, Defendants Lin and Wang registered a domain name "imagedevice.com" and started to conduct business in the sale of multi-media card readers in direct competition with Plaintiff Atech.

13. In or about March 2006 and continuing to present time, Defendants Lin and Wang misappropriated the aforesaid trade secret from Plaintiffs Suntek and Atech, left the employment of Plaintiffs, established Defendant Image Device engaging in the same type of business of Plaintiffs, and started to contact Plaintiffs' customers, including but not limited to Rpsoft Sas, solicit their business on behalf of Defendant Image Device, and divert their purchase from

(COMPLAINT FOR DAMAGES)

Plaintiffs to Defendant Image Device.

14. As a proximate result of the aforesaid misappropriation of Plaintiffs' trade secret by Defendants, Plaintiffs have suffered damages in the nature of lost profits resulting from decreased sales in the sum exceeding $75,000.00

15. Plaintiffs are informed and believe and thereon allege that the aforementioned acts of Defendants were willful, malicious and oppressive in that Defendants misappropriated Plaintiffs' customer lists with the deliberate intent to injure Plaintiffs' business and improve their own business. Plaintiffs are therefore entitled to punitive damages and reasonable attorney fees.

16. Defendants' wrongful conduct in misappropriating Plaintiffs' trade secret such as customer lists, unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury to Plaintiffs' business in that Plaintiffs have lost several purchase orders from their customers and will continue to lose accounts or even be driven out of business before this action can be brought to trial.

17. Plaintiffs have no adequate remedy at law for the injuries currently being suffered and/or which are threatened in that Defendants will continue to misappropriate the trade secret and Plaintiffs would be required to maintain a multiplicity of legal proceedings to protect their interests.

## FIRST COUNT

[Misappropriation of Trade Secret – Statutory (California Civil Code §3426 *et seq.*)]

18. Plaintiffs reallege and incorporate into this cause of action by reference Paragraphs 1-17 of Plaintiffs' general allegations set forth above.

## SECOND COUNT

[Misappropriation of Trade Secret – Common Law]

19. Plaintiffs reallege and incorporate into this cause of action by reference Paragraphs 1-17 of Plaintiffs' general allegations set forth above.

## THIRD COUNT

[Breach of Employment Agreement]

20. Plaintiffs reallege and incorporate into this cause of action by reference Paragraphs 1-

(COMPLAINT FOR DAMAGES)

1  17 of Plaintiff's General Allegations set forth above.

## FOURTH COUNT

[Intentional Interference of Economic Relationship]

21. Plaintiffs reallege and incorporate into this cause of action by reference Paragraphs 1-17 of Plaintiff's general allegations set forth above.

22. Defendants knew of the existing business relationship between Plaintiffs and their customers, including, but not limited to, Rpsoft Sas, in that Defendants Lin and Wang were employed by Plaintiffs and supervised the customer accounts, including, but not limited to Rpsoft Sas, during their employment with Plaintiffs.

23. Defendants Lin and Wang started to contact Plaintiffs' customers, including, but not limited to, Rpsoft Sas, represented that Defendants' products were better than those of Plaintiffs, and diverted Plaintiffs' business with those customers to Defendants, all with the intent to harm Plaintiffs financially.

24. Defendants' misappropriation of Plaintiff's trade secret and circumvention of Plaintiffs' existing business with their customers constituted an unfair competition in violation of California Business and Profession Code §17200, *et seq*.

25. As a result of Defendants' conduct, Plaintiffs' customers, including, but not limited to, Rpsoft Sas, terminated their respective business relationship with Plaintiffs. Plaintiffs have suffered damages in the sum exceeding $75,000.00.

26. The aforementioned acts of Defendants, and each of them, were willful and malicious. Plaintiffs are therefore entitled to punitive damages.

## FIFTH COUNT

[Conspiracy]

27. Plaintiffs reallege and incorporate into this cause of action by reference Paragraphs 1-26, inclusive, of the complaint set forth above.

28. Plaintiffs are informed and believe, and thereon allege, that in or about January 2006 Defendants Lin and Wang agreed and knowingly and willfully conspired between themselves to hinder and injure Plaintiffs' business by setting up a separate company and using Plaintiffs' trade

(COMPLAINT FOR DAMAGES)

secret to compete against Plaintiffs. Defendants Lin and Wang did the acts and things herein alleged pursuant to, and in furtherance of, the conspiracy and agreement alleged above.

29. As a proximate result of the wrongful acts herein alleged, Plaintiffs have been generally damaged in the sum exceeding $75,000.00.

30. At all times mentioned herein, Defendants Lin and Wang knew that their unlawful acts would cause serious damages to Plaintiffs. Notwithstanding this knowledge, Defendants Lin and Wang intentionally, willfully, fraudulently, and maliciously did the things herein alleged to hinder and injure Plaintiffs' business. Plaintiffs are therefore entitled to exemplary or punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1. For damages in the amount not less than $75,000.00 according to proof;

2. For interest on the rate of ten percent per annum on the aforesaid damages from and after April 1, 2006;

3. For a temporary restraining order, a preliminary injunction, and a permanent injunction, all requiring Defendants and each of them and her/his/its/their agents, servants, and employees, and all persons, acting under, in concert with, or for her/him/it/them, to refrain from continuing the misappropriation of Plaintiffs' trade secret by ongoing use of Plaintiffs' customer lists;

4. For exemplary and punitive damages in an amount appropriate to punish Defendants and each of them and deter others from engaging in similar misconduct;

5. For attorney's fees and costs of suit herein incurred; and

6. For such other and further relief as the Court may deem just and proper.

[PLAINTIFFS DEMAND FOR A JURY TRIAL]

Dated: June 5, 2007

_____
Yung-Ming Chou
Attorney for Plaintiffs
Sunus Suntek Inc. & Atech Flash Technology Inc.

6

(COMPLAINT FOR DAMAGES)