JEFFREY K. LEE, State Bar No. 212465
SALLIE KIM, State Bar No. 142781
GCA LAW PARTNERS LLP
1891 Landings Drive
Mountain View, CA 94043
Phone No.: (650) 428-3900
Fax No.: (650) 428-3901
E-mail: jlee@gcalaw.com
E-mail: skim@gcalaw.com

Attorneys for Defendants MARTIN C. LIN,
YUSHAN WANG, AKA SAMANTHA WANG,
and IMAGE DEVICE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ATECH FLASH TECHNOLOGY INC. & SUNUS SUNTEK INC.<br><br>        Plaintiffs,<br><br>        v.<br><br>MARTIN C. LIN, YUSHAN WANG, A.K.A. SAMANTHA WANG, and IMAGE DEVICE INC.<br><br>        Defendants. | No. C07 02949 PVT<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>The Hon. Patricia V. Trumbull<br><br>Date:   Tuesday, September 4, 2007<br>Time:   10:00 a.m.<br>Courtroom:  5, 4th Floor<br><br>Filed concurrently:<br>1.  Declaration of Martin Lin<br>2.  Proposed Order |

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650)428-3900

Case No.: C07 02949 PVT
Defs' Notice and Motion to Dismiss; Memo of
P&A's In Support

# TABLE OF CONTENTS

Page No.

NOTICE OF MOTION AND MOTION TO DISMISS ................................................. 2

ISSUES TO BE DECIDED ....................................................................................... 2

MEMORANDUM OF POINTS AND AUTHORITIES .............................................. 3

INTRODUCTION ..................................................................................................... 3

STATEMENT OF FACTS ......................................................................................... 4

    A.    Defendants Lin and Wang's Employment and Sunus Sunteck ............. 4

    B.    Defendant Image Device ........................................................................ 4

ARGUMENT ............................................................................................................. 5

    I.    PLAINTIFFS' COMPLAINT FAILS TO ESTABLISH
        A BASIS FOR DIVERSITY JURISDICTION ..................................... 5

    II.    PERSONAL JURISDICTION OVER DEFENDANT
         IMAGE DEVICE IS LACKING ........................................................ 6

        A.    There is no general jurisdiction over Defendant
             Image Device ........................................................................ 7

        B.    There is no specific jurisdiction over Defendant
             Image Device ........................................................................ 8

    II.    PLAINTIFFS FAIL TO STATE A CLAIM AGAINST
         ANY DEFENDANT ......................................................................... 10

        A.    Count I for misappropriation of trade secrets under
             California's UTSA should be dismissed ................................. 12

            1.    Plaintiffs have not pled a claim for statutory
                 misappropriation of trade secrets ................................. 12

            2.    Plaintiffs' customers are readily ascertainable
                 and not trade secrets ..................................................... 13

        B.    Count II for common law misappropriation of trade secrets
             should be dismissed ............................................................... 14

            1.    The UTSA preempts Plaintiffs claim for common
                 Law misappropriation of trade secrets ......................... 14

            2.    Even if not preempted by the UTSA, Plaintiff's

Case No.: C07 02949 PVT

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650) 428-3900

have neither identified nor pled a claim for
common law misappropriation of trade secrets ............. 16

C.    Count III for breach of an unidentified employment agreement
should be dismissed ................................................................ 16

D.    Count IV for intentional interference with economic relationship
should be dismissed ................................................................ 18

1.    The UTSA preempts Plaintiffs Intentional
Interference claim ........................................................ 19

2.    Even if not preempted by the UTSA, Plaintiffs
have not stated a claim for Intentional Interference ...... 19

E.    Count V alleged conspiracy should be dismissed .................... 20

1.    Plaintiffs' conspiracy claim is preempted
by the UTSA ................................................................ 20

2.    Even if not preempted by the UTSA, Plaintiff's
cannot plead an independent claim of conspiracy ........ 21

CONCLUSION ......................................................................................... 22

1

TABLE OF AUTHORITIES

2

3
Cases                                                                          Page No.

4
*Abanco Int'l., Inc. v. Guestlogix Inc.,*
       486 F. Supp.2d 779 (N.D. Ill. 2007) ........................................................ 21

5

6
*ABBA Rubber Co. v. Seaquist,*
       235 Cal. App.3d 1 (1991) .......................................................... 14

7

8
*Accuimage Diagnostics Corp. v. Terarecon, Inc.,*
       260 F. Supp. 2d 941 (N.D. Cal. 2003) .................................... passim

9
*American Credit Indemnity Company v. Sacks,*
       213 Cal. App. 3d 622 (1989) .......................................................... 13

10

11
*American Paper & Packaging Products, Inc. v. Kirgan,*
       183 Cal. App.3d 1318 (1986) .......................................................... 13

12

13
*Amoco Egypt Oil Co. v. Leonis Navigation Co. Inc.,*
       1 F.3d 848 (9th Cir. 1993) .......................................................... 9

14

15
*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.,*
       7 Cal. 4th 503 (1994) .......................................................... 21

16

17
*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.,*
       223 F.3d 1086 (9th Cir. 2000) .......................................................... 7

18

19
*Bell Atlantic Corp v. Twombly,*
       No. 05-1126 slip op (U.S. May 21, 2007) .......................................................... 11

20

21
*Blank v. Kirwan,*
       39 Cal. 3d 311 (1985) .......................................................... 19

22
*Burger King v. Rudzewicz,*
       471 U.S. 462 (1985) .......................................................... 9

23

24
*Cadence Design Systems Incorporated v. Avant! Corp.,*
       29 Cal. 4th 215 (2002) .......................................................... 15

25

26
*Callaway Golf Co. v. Dunlop Slazenger Group Am., Inc.,*
       318 F. Supp. 2d 216 (D. Del. 2004) .......................................................... 15

27

28
*Clegg v. Cult Awareness Network,*
       18 F.3d 752 (9th Cir. 1994) .......................................................... 11

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA  94043
(650)428-3900

Case No.: C07 02949 PVT

*Conley v. Gibson,*
    355 U.S. 41 (1957) ................................................................ *passim*

*Convolve, Inc. v. Compaq Computer Corp.,*
    No. 00CV 5141, 2006 WL 839022 (S.D.N.Y. 2006) ............................ 19

*Core-Vent Corp. v/ Nobel Indus., AB,*
    11 F.3d 1482 (9th Cir. 1993) ................................................ 10

*Digital Envoy, Inc. v. Google, Inc.,*
    370 F. Supp. 2d 1025 (N.D. Cal. 2005) .................................... 15

*Doe v. Unocal Corp.,*
    248 F.3d 915 (9th Cir. 2001) ........................................... 6, 7, 8-9

*Entm't Research Group, Inc. v. Genesis Creative Group, Inc.,*
    122 F.3d 1211 (9th Cir. 1997) ............................................ 22

*Ernest Paper Prods., Inc. v. Mobil Co.,*
    1997 WL 33483520 (C.D. Cal. 1997) ...................................... 19

*FPI Dev., Inc. v. Nakashima,*
    231 Cal. App. 3d 367 (1991) .............................................. 17

*Gordy v. Daily News, L.P.,*
    95 F.3d 829 (9th Cir. 1996) ............................................... 9

*Helicopteros Nacionales de Colombia v. Hall,*
    466 U.S. 408 (1984) ..................................................... 7, 8

*International Shoe Co. v. Washington,*
    326 U.S. 310 (1945) ................................................. 7, 10, 14

*Lincoln Prop. Co. Roche,*
    126 S. Ct. 606 (2005) ..................................................... 6

*Lopez v. Smith,*
    203 F.2d 1122 (9th Cir. 2000) ............................................ 11

*Lortz v. Connell,*
    273 Cal. App. 2d 286 (1969) ............................................ 17, 18

*Morlife, Inc. v. Perry,*
    56 Cal. App.4th 1514 (1997) ............................................ 13, 14

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA  94043
(650)428-3900

*Mox, Inc. v. Woods,*
 202 Cal. 675 (1927) ................................................................ 20

*Otworth v. Southern Pac. Transp. Co.,*
 166 Cal. App. 3d 452 (1985) ................................................. 17

*Papasan v. Allain,*
 478 U.S. 265 (1986) .............................................................. 11

*Pena v. Valo,*
 563 F. Supp. 742 (C.D. Cal. 1983) ......................................... 6

*Pry Corp. of America v. Leach,*
 177 Cal. App. 2d 632 (1960) ................................................. 18

*Robertson v. Dean Witter Reynolds Co.,*
 749 F.2d 530 (9th Cir. 1984) ................................................. 10

*Schneider v. California Dept. of Corrections,*
 151 F.2d 556 (9th Cir. 1998) ................................................. 10

*Shaffer v. Heitner,*
 433 U.S. 186 (1977) ............................................................... 7

*Sprewell v. Golden State Warriors,*
 266 F.3d 979 (9th Cir. 2001) ................................................. 11

*Usher v. City of Los Angeles,,*
 828 F.2d 556 (9th Cir. 1987) ................................................. 10

*Vacco Industries, Inc. v. Van Den Berg.,*
 5 Cal. App.4th 34 (1992) ....................................................... 13

*Westside Ctr. Assocs. v. Safeway Stores 23, Inc.,*
 42 Cal. App. 4th 507 (1996) ................................................. 19


Code and Statutes            Page No.

CAL. BUS. & PROF. CODE § 17200 et seq ................................................. 19

CAL. CIV. CODE § 3426.1(b).......................................................................... 12

CAL. CIV. CODE § 3426.1(d).......................................................................... 12

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650)428-3900

1    CAL. CIV. CODE §§ 3426.2 & 3426.3 ................................................................ 12

2    CAL. CIV. CODE § 3426.7 ...................................................................... *passim*

3    CAL. CIVIL PROC. CODE § 410.10 ................................................................ 7

4    CAL. CIVIL PROC. CODE § 430.10 (g) ........................................................ 17

5    Fed. R. Civ. P. 8(a)(2) .................................................................... 11, 13

6    Fed. R. Civ. P. 12(b)(1) ........................................................................ 3

7    Fed. R. Civ. P. 12(b)(2) ...................................................................... 3, 9

8    Fed. R. Civ. P. 12(b)(6) .................................................................... 3, 10

9    28 U.S.C. § 1332 (a) .............................................................................. 5

10   Other Authorities                                                               Page No.

11

12   5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE
          §1216 (3d ed. 2004) ..................................................................... 11

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## NOTICE OF MOTION AND MOTION TO DISMISS

2

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3

4

PLEASE TAKE NOTICE that on Tuesday,  September 4, 2007 at 10:00 a.m., before the

5

Honorable Patricia Trumbull, United States Chief Magistrate Judge, in Courtroom 4,  on the 4th

6

Floor  at 280 South First Street, San Jose, California 95113, defendants Martin Lin, Yushan

7

Wang aka Samantha Wang, and Image Device, Inc., will move and hereby do move, pursuant to

8

Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6), to dismiss the Complaint for

9

10

Damages filed by plaintiffs Atech Flash Technology, Inc. and Sunus Suntek, Inc. on June 6,

11

2007.

12

This motion is made on the grounds that (1) there is no basis for diversity jurisdiction in

13

this action; (2) there is no basis for personal jurisdiction over Defendant Image Device; and (3)

14

plaintiffs have failed to state any claim against any defendant.  This motion is based on this

15

notice of motion and motion, the accompanying memorandum, the declaration of Martin Lin

16

17

and any other arguments and evidence presented to this Court at or before the hearing on this

18

motion.

19

## ISSUES TO BE DECIDED

20

21

A.  Whether this court lacks subject matter jurisdiction where Plaintiffs have not alleged

22

complete diversity of citizenship for all defendants.

23

B.  Whether personal jurisdiction is lacking with respect to Defendant Image Device where

24

25

the company has neither the requisite minimum contacts with California nor availed

26

itself of any privilege of conducting activities here.

27

C.  Whether Plaintiff has stated a claim against any defendant in Counts I through V.

28

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650)428-3900

Case No.: C07 02949 PVT                                                  - 2 -
Defs' Notice and Motion to Dismiss; Memo of
P&A's In Support

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

This case embodies an attempt by plaintiffs to stifle fair competition in the flash memory card reader industry by labeling customers' identities as protected trade secrets - despite previously making that information widely available to the public.

Defendants Martin Lin ("Lin"), Yushan Wang aka Samantha Wang ("Wang"), and Image Device, Inc. ("Image Device"), present the arguments below in this diversity action pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2) and 12(b)(6), in support of their motion to dismiss the Complaint for Damages ("Complaint" or "Comp.") of Plaintiffs Atech Flash Technology, Inc. ("Atech") and Sunus Suntek, Inc. ("Suntek").

As a threshold issue, subject matter jurisdiction is lacking on the face of the Complaint. Plaintiffs have not satisfied their burden to establish complete diversity of citizenship.

Personal jurisdiction is lacking with respect to Defendant Image Device. The company has neither the requisite minimum contacts with California nor availed itself of any privilege of conducting activities here. Moreover, exercise of jurisdiction would be unreasonable because the necessary evidence to defend this action is located in Georgia.

Count I (statutory trade secret misappropriation) must be dismissed with prejudice because Plaintiffs alleged "customer list" has never been treated as a trade secret and, at in any event, is readily ascertainable to the public, preventing it from meeting the definition of a trade secret under California's Uniform Trade Secrets Act. Count II (common law trade secret misappropriation), Count IV (intentional interference with economic advantage) and Count V (conspiracy) must be dismissed with prejudice because they each present common law tort claims that are preempted by California's Uniform Trade Secrets Act. Count V must also be

1  dismissed with prejudice because it does not constitute an independent cause of action that can

2  be maintained.  Finally, each of those counts and Count II (breach of employment agreement)

3  fail to meet federal pleading requirements and should be dismissed on that basis.

4
5              **STATEMENT OF FACTS**

6  **A.  Defendants Lin and Wang's Employment at Sunus Suntek**

7           Defendants Martin Lin ("Lin") and Yushan Wang aka Samantha Wang ("Wang") are

8  husband and wife, having married in 1984.  *See* Declaration of Martin C. Lin ("Lin Decl.") ¶ 3.

9
10  Lin and Wang became employees of Plaintiff Sunus Suntek ("Suntek") during 1998.  *See* Lin

11  Decl. ¶ 4.  Suntek was and is a maker of computer casings.  *See* Lin Decl. ¶ 5 and Lin Exhibit

12  ("Exh.") 1.

13          At the commencement of employment with Suntek in 1998, Lin's primary duty was to

14  establish and manage an office in Georgia for Suntek, which had then operated only out of a

15
16  location in Fremont, California, and to supervise sales activities to Suntek's East Coast

17  domestic customers through that office.  *See* Lin Decl. ¶¶ 7-9.

18          Lin and Wang resided and owned a house in Georgia throughout their respective

19  employments with Suntek.  *See* Lin Decl. ¶ 10.   Lin and Wang continued as Suntek employees

20  until approximately March 2006.  *See* Lin Decl. ¶ 11.  All paychecks received by Lin and Wang

21
22  were issued by Suntek and identified their Georgia residence address.  *See* Lin Decl. ¶ 12.

23  Neither Lin nor Wang received any payroll payments from Plaintiff Atech Flash Technology,

24  Inc. ("Atech").  *See* Lin Decl. ¶ 13.

25
26  **B.  Defendant Image Device**

27          After leaving their respective employments with Suntek, Lin and Wang have each

28  traveled and pursued career and business opportunities internationally, including through family

Case No.: C07 02949 PVT          - 4 -
Defs' Notice and Motion to Dismiss; Memo of
P&A's In Support

members in China and Taiwan.  *See* Lin Decl. ¶ 14.  In April 2006, Lin and Wang founded

Defendant Image Device, Inc. ("Image Device"), incorporated and having its principal (and

sole) place of business in Georgia.  *See* Lin Decl. ¶¶ 15-17 and Exh. 2.  Wang was established

as the sole company shareholder.  *See* Lin Decl. ¶ 18.

Image Device manufactures high-end memory card readers for consumer, professional

and industrial digital imaging markets, including the photo kiosk industry.  *See* Lin Decl. ¶ 19

and Exh. 3. The company is a developer of new flash card reader products.  *See* Lin Decl. ¶ 21.

Image Device products are designed and developed in the Georgia office and manufactured in a

facility in China.  *See* Lin Decl. ¶ 22.  Image Device products include a series of 3.5" flash card

readers purchased by "photo kiosk" manufacturers that install readers as components in their

machines.  *See* Lin Decl. ¶ 23.   Image Device's flash card reader series provides an alternative

component to model XM-28U sold by Plaintiff Atech.  *See* Lin Decl. ¶ 24.   Image Device does

not offer computer casing products or otherwise compete with Suntek.  *See* Lin Decl. ¶ 25.

Image Device has no sales, customers, employees, or any other business arising from California.

*See* Lin Decl. ¶ 26.

## ARGUMENT

## I.  PLAINTIFFS' COMPLAINT FAILS TO ESTABLISH A BASIS FOR DIVERSITY JURISDICTION.

Plaintiffs assert that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a).[1]

Comp. § 6.  It is well-established that complete diversity of *citizenship* between all plaintiffs

---

[1]    28 U.S.C. § 1332(a) states "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between— (1) citizens of different States . . . ."

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650)428-3900

1  and defendants must exist to confer such jurisdiction. *Lincoln Prop. Co. v. Roche*, 126 S. Ct.

2  606, 613 (2005) ("we have read the statutory formulation 'between . . . citizens of different

3  States' to require complete diversity between all plaintiffs and all defendants").

4

5      Here, Plaintiffs fail in form and substance to allege complete diversity among all

6  defendants.    Plaintiffs conclusorily state only that "there is complete diversity of citizenship

7  between Plaintiffs and Defendants Image Device and Lin." Comp. ¶ 6.  Defendant Wang is *not*

8  alleged to be diverse.    Instead, Plaintiffs allege that both they and Wang "reside" in California.

9  Comp. ¶¶ 1 and 3.  By failing to allege diverse citizenship among Defendants – or even to

10

11  properly allege *any* citizenship[2] - Plaintiffs fail to present a basis for this Court's exercise of

12  diversity jurisdiction.    Accordingly, subject matter jurisdiction has not been established, and

13  Plaintiffs' Complaint should be dismissed in its entirety.

14

15  **II.  PERSONAL JURISDICTION OVER DEFENDANT IMAGE DEVICE IS
      LACKING.**

16

17      Plaintiffs have failed to establish a basis for personal jurisdiction over Defendant Image

18  Device.  A motion to dismiss for lack of personal jurisdiction is governed by Fed. R. Civ. P.

19  12(b)(2).  Plaintiffs bear the burden of establishing that this Court has personal jurisdiction over

20  the Defendants. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (citing *Cubbage v.*

21  *Merchant*, 744 F.2d 665, 667 (9th Cir. 1984)).  The Court may consider evidence presented in

22  affidavits to evaluate Plaintiffs' allegations. *Unocal*, 248 F.3d at 922.  Plaintiffs' allegations in

23  the Complaint are insufficient where contradicted by Defendants' affidavits. *See Pena v. Valo*,

24

25  563 F. Supp. 742, 747 (C.D. Cal. 1983).

26

27

28  [2]   Plaintiffs have claimed state residency, but not alleged any domicile attributable to either
      Defendant Lin or Defendant Wang.  Comp. ¶¶ 2, 3.

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA  94043
(650)428-3900

1   An exercise of personal jurisdiction in a diversity action involving a non-resident

2   defendant must comport with the law of the State of California and the constitutional

3   requirements of due process. *Unocal*, 248 F.3d at 923. California Code of Civil Procedure §

4   410.10 extends jurisdiction of the state's courts to the limits of the state and federal

5

6   constitutions: "A court of this state may exercise jurisdiction on any basis not inconsistent with

7   the Constitution of this state or of the United States."

8       The United States Constitution requires that a foreign defendant have such "minimum

9   contacts" with the forum state that maintaining the action would not offend "traditional notions

10  of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316

11  (1945). The United States Supreme Court set forth the standards for both general and specific

12

13  jurisdiction over a defendant in *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408,

14  414-15 (1984). Principles of general jurisdiction dictate that a party may be subject to suit on

15  all claims in a forum, wherever they arise, when that defendant has sufficient "contacts" with

16

17  the forum state. Otherwise, personal jurisdiction must be premised on a finding of specific

18  jurisdiction, assessed by the "relationship among the defendants, the forum and the litigation."

19  *Id.* at 414 (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). Here, neither general nor

20  specific jurisdiction exists over Defendant Image Device.

21

22      **A.  There is no general jurisdiction over Defendant Image Device.**

23      "The standard for establishing general jurisdiction is 'fairly high' and requires that

24  the defendant's contacts be of the sort that approximate physical presence." *Bancroft &*

25  *Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (citation omitted).

26  Accordingly, to establish these "minimum contacts," Plaintiffs must establish that Defendant

27

28

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650)428-3900

Image Device has "continuous and systematic" contacts tantamount to doing business within California. *Helicopteros*, 466 U.S. at 416.

Defendant Image Device does not do business in the State of California. *See* Lin Decl. ¶ 26. During its short lifetime, Image Device has never been registered or licensed to do business in California and did not appoint an agent for service of process in the State for that purpose. *See* Lin Decl. ¶¶ 27-28. It neither owns nor leases any property in California and pays no California taxes or fees. *See* Lin Decl. ¶¶ 29-30. It has not sold its products within the State. *See* Lin Decl. ¶ 26. Image Device maintains no office in California. *See* Lin Decl. ¶¶ 31, 33. Its internet website does not allow Californians or others to place orders on-line. *See* Lin Decl. ¶ 32. It has no employees in California. *See* Lin Decl. ¶ 26. Accordingly, Image Device has nothing "approximating physical presence" in California, and therefore lacks the "continuous and systematic" business contacts with the forum required to establish general jurisdiction. The only forum-related activity in which it engages is the defense of the present lawsuit. *See* Lin Decl. ¶ 34.

## B. There is no specific jurisdiction over Defendant Image Device.

Specific jurisdiction cannot be established by Plaintiffs with respect to Defendant Image Device. The Ninth Circuit articulated a three-part test to evaluate the nature and quality of a defendant's contacts in order to determine the availability of specific jurisdiction:

> (1) The nonresident defendant must do some act or consummate some transaction within the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protection of its laws;
>
> (2) Plaintiff's claim must be one which arises out of or results from the defendant's forum-related activities;
>
> (3) Exercise of jurisdiction must be reasonable.

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650)428-3900

*Unocal*, 248 F.3d. at 923 (citing *Gordy v. Daily News, L.P.*, 95 F.3d 829, 831-32 (9th Cir. 1996)).   None of these factors are satisfied with respect to Image Device.

To assert personal jurisdiction over a business that does not do business within the state, a plaintiff must demonstrate a sufficient nexus between that party and the activities within the forum that give rise to the cause of action. *See Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985).  As a Georgia corporation with no contacts to California, specific jurisdiction is lacking over Defendant Image Device.  As shown *supra*, Image Device has not engaged in any business, or any other act or transaction within or involving California.  Image Device has been in existence only since April 2006.  It has not performed any act by which it purposefully availed itself of the privilege of conducting activities in the State.  Nor has it engaged in any conduct within California giving rise to Plaintiffs claims.

Under these circumstances, exercise of personal jurisdiction is wholly unreasonable.  Seven factors must be balanced to evaluate reasonableness:  (1) the extent of purposeful interjection; (2) the burden on a defendant to defend this suit in California; (3) the extent of conflict with Georgia's sovereignty; (4) California's interest in the dispute; (5) the most efficient forum for judicial resolution of the dispute; (6) the importance of the chosen forum to Plaintiffs' interest in convenient and effective relief; and (7) the existence of an alternate forum. *Amoco Egypt Oil Co. v. Leonis Navigation Co. Inc.*, 1 F.3d 848, 851-53 (9th Cir. 1993).

Defendant Image Device's level of purposeful interjection is nonexistent.  The burden of defending a lawsuit three-thousand miles across the country from Georgia is undeniably significant.  This burden is made even greater here because the evidence and witnesses needed to defend the action are located in Georgia, not California.

GCA Law Partners LLP
1891 Landing Drive
Mountain View, CA  94043
(650)428-3900

1    Moreover, the most efficient forum for resolution is usually where witnesses and

2  evidence are likely to be located.  *Core-Vent Corp. v. Nobel Indus., AB*, 11 F.3d 1482, 1489 (9th

3  Cir. 1993).   In addition, Georgia, not California, has the greater interest in adjudicating the

4
5  liability and potential damages owed by its own residents accused of misappropriating trade

6  secrets. This is especially so where the misappropriation  - alleged in the Complaint as "use" of

7  trade secrets - purportedly began while all Defendants were Georgia residents.  Plaintiffs – not

8
9  Defendants – must satisfy the burden to show that they cannot effectively litigate their claims in

10  Georgia, rather than California. *See Core-Vent*, 11 F.3d at 1490.  For these reasons, the

11  exercise of personal jurisdiction over Image Device would be unreasonable and violate the

12  Constitution's "traditional notions of fair play and substantial justice." *International Shoe Co.*

13  *v. Washington*, 326 U.S. at 316.  Accordingly, personal jurisdiction does not exist with respect

14
15  to Defendant Image Device.

16  **III.   PLAINTIFFS FAIL TO STATE A CLAIM AGAINST ANY DEFENDANT.**

17    A complaint may be dismissed for failure to state a claim upon which relief can be

18  granted. Fed. R. Civ. P. 12(b)(6).  Claims may be dismissed as a matter of law for "(1) lack of a

19  cognizable legal theory or (2) insufficient facts under a cognizable legal theory." *Robertson v.*

20  *Dean Witter Reynolds Co.*, 749 F.2d 530, 534 (9th Cir. 1984).   A court "must presume all

21
22  factual allegations of the complaint to be true and draw all reasonable inferences in favor of the

23  non-moving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9thCir. 1987).  *See also*

24  *Schneider v. California Dept. of Corrections*, 151 F.3d 1194, 1197 (9th Cir.1998) ("The focus

25  of any Rule 12(b)(6) dismissal . . . is the complaint.").   However, a court need not accept as

26  true allegations that are conclusory, constitute legal conclusions, call for unwarranted

27  deductions of fact, or create unreasonable inferences. *See Sprewell v. Golden State Warriors*,

28

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA  94043
(650)428-3900

266 F.3d 979, 988 (9th Cir. 2001); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

In *Bell Atlantic Corp. v. Twombly*, the Supreme Court reinforced Rule 8's underlying requirement that a plaintiff adequately identify the factual basis for its claim:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the … claim is and the grounds upon which it rests," *Conley* v. *Gibson*, 355 U. S. 41, 47 (1957) . . . . [A] *plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do*, see *Papasan* v. *Allain*, 478 U. S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). *Factual allegations must be enough to raise a right to relief above the speculative level*, see 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–236 (3d ed. 2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), (footnote omitted) on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

No. 05-1126, slip op. at 8 (U.S. May 21, 2007) (citations omitted) (emphasis added). Failure to plead adequate facts making a claim "plausible" warrants dismissal. *Id.* at 24 (requiring "enough facts to state a claim to relief that is plausible on its face" and finding "Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."). A court may dismiss a case without leave to amend if the plaintiff is unable to cure the defect by amendment. *Lopez v. Smith*, 203 F.2d 1122, 1129 (9th Cir. 2000).

As demonstrated below, Plaintiffs' Counts I (statutory misappropriation of trade secrets), II (common law misappropriation of trade secrets), III (breach of employment agreement), IV ("intentional  interference of economic relationship [sic]") and V (conspiracy)

GCA Law Partners LLP
1891 Landing Drive
Mountain View, CA 94043
(650)428-3900

Case No.: C07 02949 PVT
Defs' Notice and Motion to Dismiss; Memo of
P&A's In Support

- 11 -

1    are each fail to state a claim and should be dismissed.  Moreover, amendment would be futile,

2    warranting dismissal without leave to amend.

### A. Count I for misappropriation of trade secrets under California's UTSA should be dismissed.

California's Uniform Trade Secrets Act ("UTSA" or the "Act") provides remedies for misappropriation of trade secrets. *See* Cal. Civ. Code §§ 3426.2 and 3426.3.  A "trade secret" is "information, . . . that:  (1) *Derives independent economic value*, actual or potential, *from not being generally known to the public* or to other persons who can obtain economic value from its disclosure or use; *and* (2) Is the *subject of efforts that are reasonable under the circumstances to maintain its secrecy.*  Cal. Civ. Code § 3426.1(d) (emphasis added).  The Act defines "misappropriation" in relevant part as "Disclosure or *use of a trade secret* of another without express or implied consent *by a person who . . .* (B) *At the time of* disclosure or *use, knew or had reason to know that his or her knowledge of the trade secret was . . .* (ii) *Acquired under circumstances giving rise to a duty to* maintain its secrecy or *limit its use . . . .*"  Cal. Civ. Code § 3426.1(b) (emphasis added).

### 1. Plaintiffs have not stated a claim for statutory misappropriation of trade secrets.

Plaintiffs have not stated a claim under the UTSA.  First, although labeling their customer identities as "trade secret" and a "customer list," they have not alleged anything beyond a single customer, Rpsoft Sas, as being on that "list."  Plaintiffs identify no specific measures – such as restricted computer access - employed to keep customer identities secret from any employees not needing such information or the terms and "severe consequences" of any "request[] to all employees to agree not to disclose or use Plaintiffs' trade secret [sic]. . . ."  Comp. ¶ 10.  This lack of specificity is legally insufficient and contrary to the mandate of

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650)428-3900

1  Federal Rule of Civil Procedure 8(a)(2), requiring "a short and plain statement of the claim

2  showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what

3  the … claim is and the grounds upon which it rests." *Conley* v. *Gibson*, 355 U. S. 41, 47 (1957).

4
   The identities of claimed customers now labeled as trade secrets was and remains unknown to
5
6  Defendants.

7          Furthermore, as a matter of California law, a customer list is a trade secret only if it

8  contains information that is valuable because it is unknown to others and the owner of the list

9
   has attempted to keep it secret. *American Credit Indemnity Company v. Sacks*, 213 Cal. App. 3d
10
11  622, 630, 262 Cal. Rptr. 92, 96-97 (1989).  In *Morlife, Inc. v. Perry,* the court found that a

12  customer list that was (1) stored on a computer with restricted access, and that (2) was

13
    identified as containing particular information concerning customer needs and services was a
14
15  trade secret.  56 Cal. App. 4th 1514, 1523 (1997).  Plaintiff has not alleged any of these

16  necessary facts in Count I.

17          2.   **Plaintiffs' customers are readily ascertainable and not trade secrets.**

18          A trade secret is protectable only so long as it is kept secret by the party creating it.

19
    *Vacco Industries, Inc. v. Van Den Berg, et al.*, 5 Cal. App. 4th 34, 50 (1992).  If information is
20
21  commonly known to members of an industry, it is not considered a trade secret. *American

22  Paper & Packaging Products, Inc. v. Kirgan,* 183 Cal. App. 3d 1318 (1986).  As a matter of

23  law, a customer list can be a trade secret even though it is readily obtainable, unless it is

24
    ascertainable by others in the industry.  *ABBA Rubber Co. v. Seaquist*, 235 Cal. App. 3d 1, 21
25
26  (1991).

27          The Court may take judicial notice of the fact that Plaintiff Atech identifies its domestic

28  and international customers prominently on its official company website.  *See* Lin Decl. ¶ 35

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650)428-3900

1   and Exh. 4.  Plaintiff Suntek also lists its customers on its own company website.  *See* Lin Decl.

2   ¶ 37.  Any member of the public – indeed, any competitor in the card-reader industry – can

3   freely visit either site to learn the identities of either Plaintiff's customers.

4
    In addition, Atech's flash card reader customers are known because Atech prominently

5
6   identifies its card reader components by branding the front facing plate with its company "AFT"

7   logo.  *See* Lin Decl. ¶38.   The prominent Atech logo and the distinctive design of its card

8
    reader face plates in a customer's kiosk allow *any* person – especially a competitor in the kiosk

9
10  industry – to know that a kiosk maker purchases Atech flash card readers.  *See* Lin Decl. ¶ 39.

11  Such public information simply cannot be a trade secret. *See Morlife, Inc. v. Perry,* 56 Cal.

12  App. 4th at 1521-22 ("courts are reluctant to protect customer lists to the exent they embody

13  information which is 'readily ascertainable' through public sources").  As a result, Count I

14  should be dismissed.

15
16      **B.  Count II for common law misappropriation of trade secrets should be dismissed.**

17          Plaintiff's Count II reincorporates all allegations of Count I, adding nothing by way of

18  fact or theory.  It presents an identical claim as Count I, labeling it as a claim for common law

19  misappropriation of the same "trade secret" information.  Comp. ¶ 19.

20
21          **1.    The UTSA preempts Plaintiffs' claim for common law misappropriation of
                     trade secrets.**

22
            California's Supreme Court and this Court have duly established that common law tort

23
24  claims based on trade secret misappropriation theories are preempted by the California UTSA.

25  The Act precludes common law tort remedies arising from trade secret misappropriation, except

26  for two relevant exceptions:  "(1) contractual remedies, whether or not based upon

27
28  misappropriation of a trade secret, [and] (2) other civil remedies that are *not* based upon

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA  94043
(650)428-3900

Case No.: C07 02949 PVT
Defs' Notice and Motion to Dismiss; Memo of
P&A's In Support                                    - 14 -

1   misappropriation of a trade secret . . . ." Cal. Civ.Code § 3426.7 (emphasis added).

2       The California Supreme Court determined in *Cadence Design Systems Incorporated v.*

3   *Avant! Corporation*, that if a plaintiff had alleged wrongdoing that began before California's

4   enactment of the UTSA and continued afterwards, the plaintiff would have two separate claims

5   -- one common law claim for the pre-UTSA period, and one UTSA claim for post-1984 acts. 29

6

7   Cal. 4th 215 (2002). In so holding, the Court established that the common law misappropriation

8   claim could not be maintained in light of the UTSA. *Id.* at 224. *See also Digital Envoy, Inc. v.*

9   *Google, Inc.*, 370 F. Supp. 2d 1025, 1035 (N.D. Cal. 2005) (UTSA preempted claims for unfair

10  competition under Business and Professions Code section 17200 and unjust enrichment on the

11

12  ground that they arose from the same common nucleus of facts as the trade secret allegation);

13  *Callaway Golf Co. v. Dunlop Slazenger Group Am., Inc.*, 318 F. Supp. 2d 216, 219-20 (D. Del.

14  2004) (applying California UTSA to preempt conversion and similar claims).

15

16      After *Cadence*, this Court further established that the UTSA preempts common law

17  trade secret misappropriation claims. In *Accuimage Diagnostics Corp. v. Terarecon, Inc.*, the

18  Court identified three reasons to preempt the claim: (1) the preemption language of California

19  Civil Code section 3426.7; (2) the California Supreme Court's determination in *Cadence Design*

20  *Systems* that a common law trade secret claim would not have survived the UTSA and (3) out-

21

22  of-state UTSA preemption rulings. 260 F. Supp. 2d 941, 954 (N.D. Cal. 2003).

23      Significantly, the *Accuimage* court found a claim for common law trade secret

24  misappropriation preempted where that plaintiff attempted to duplicate its UTSA trade secret

25  accusation. Here, Plaintiffs' claim for common law misappropriation of trade secrets under

26  Count II is *identical* to its claim under the UTSA in Count I – incorporating by reference the

27  same allegations – of time, conduct, and misappropriation of "trade secret" information. Comp.

28

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650)428-3900

Case No.: C07 02949 PVT
Defs' Notice and Motion to Dismiss; Memo of
P&A's In Support

- 15 -

1    ¶ 19.  Plaintiffs plead no additional allegations to distinguish Count II from Count I in fact or in

2    legal theory.  As a result, Plaintiffs Count II is preempted by the UTSA and should be dismissed

3    with prejudice.

4

5        **2.    Even if not preempted by the UTSA, Plaintiff's have neither identified nor
              pled a claim for common law misappropriation of trade secrets.**

6

7            Plaintiffs present no legal basis supporting Count II other than the title heading

8    "Misappropriation of Trade Secret – Common Law."  Comp. at 4.  Plaintiffs have not

9    identified, pled, cited, or alleged satisfaction of the legal elements of any of several California

10   common law trade secret misappropriation theories.  As a result, no potentially relevant legal

11   theory can be identified or maintained, let alone defended.

12

13       **C.  Count III for breach of an unidentified employment agreement should be
              dismissed.**

14

15           Plaintiff's next contend that Defendants Lin and Wang breached an employment

16   agreement that precluded their disclosing or using a customer list without authorization and/or

17   "disclosing, calling on, soliciting, or taking away any of Plaintiffs' customers" after leaving

18   their jobs.  Comp. ¶¶ 8-9.  Plaintiff alleges that Defendants formed Image Device, and "started

19
     to contact Plaintiffs' customers, including but not limited to Rpsoft Sas, solicit their business on
20
     behalf of Defendant Image Device, and divert their purchase from Plaintiffs to Defendants
21
22   Image Device."  Comp. ¶ 13.

23           To state a claim for breach of the supposed agreement, Plaintiffs must plead essential

24   elements: (1) the existence of a contract; (2) Plaintiffs' performance of the contract or excuse

25
     for non-performance; (3) defendant's breach of the contract; and (4) the resulting damage to the
26
27   Plaintiffs. *Lortz v. Connell,* 273 Cal. App. 2d 286 (1969); *see also* CACI 300, 303.  Plaintiffs

28   have not met the legal standards established under California law to plead such a claim.

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA  94043
(650)428-3900

Plaintiffs have not sufficiently plead the terms or existence of any legally binding or valid contract between either Plaintiff company and either Defendant Lin or Defendant Wang. There is no indication of the parties to any contract or series of contracts. They provide no date of any agreement. Moreover, Plaintiffs fail to indicate on the face of the Complaint whether the supposed contract is written, oral, or implied by conduct. If the action is based on an alleged breach of a written contract, the terms must be set out verbatim in the body of the complaint, or a copy of the written contract must be attached to the complaint and incorporated by reference. *FPI Dev., Inc. v. Nakashima,* 231 Cal. App. 3d 367, 383 (1991); *Otworth v. Southern Pac. Transp. Co.,* 166 Cal. App. 3d 452, 458-59 (1985); *see also* CAL. CIV. PROC. CODE §430.10(g). Plaintiffs have not satisfied these pleading requirements, warranting dismissal of Count III.

Moreover, Defendants cannot discern from the face of the Complaint the specific terms of any agreement. *See* Lin Decl. ¶ 40. Such vague pleading fails to provide the requisite "fair notice of what the … claim is and the grounds upon which it rests," *Conley* v. *Gibson*, 355 U. S. 41, 47.

In addition, to state a claim, Plaintiffs must show that they have fulfilled their obligations and complied with any and all conditions and agreements of the supposed contract that they are required to perform. *Pry Corp. of America v. Leach*, 177 Cal. App. 2d 632, 639-40 (1960). If a plaintiff was unable to perform because defendant prevented him from doing so, the plaintiff must allege such excuse for non-performance in the complaint. *Lortz v. Connell,* 273 Cal. App. 2d 286 (1969). Here, Plaintiffs have not alleged that they are in compliance with the terms of any purported employment agreement(s) they claim exist. As a result, Count III must be dismissed.

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650)428-3900

Case No.: C07 02949 PVT
Defs' Notice and Motion to Dismiss; Memo of
P&A's In Support

- 17 -

**D. Count IV for intentional interference with economic relationship should be dismissed.**

Plaintiffs contend in Count IV – titled "Intentional Interference of Economic Relationship" - that Defendants knew about and interfered with "the existing business relationship [sic] between Plaintiffs and their customers, including but not limited to Rpsoft Sas . . . ." Comp. ¶ 22.    This Court identified the requisite elements to allege a claim for intentional interference with economic advantage: "(1) an existing economic relationship or one 'containing the probability of future economic benefit'; (2) knowledge by the defendant of the relationship; (3) acts by defendant designed to disrupt the relationship; (4) actual disruption of the relationship; (5) damages proximately caused by the acts of the defendant." *Accuimage*, 260 F.Supp. 2d at 956-57 (citations omitted).

**1. UTSA preempts Plaintiffs' Intentional Interference claim.**

The California UTSA preempts Count IV, which is again based on alleged misappropriation of trade secrets.  Count IV states that "Defendants' *misappropriation of Plaintiff's [sic] trade secret* . . . constituted an unfair competition in violation of California Business and Profession Code § 17200, *et seq.* Comp. ¶ 24 (emphasis added).  As with Count II, discussed *supra*, the language of the California UTSA broadly preempts such common law tort claims arising from trade secret misappropriation.  Plaintiffs interference claim in Count IV falls within this scope of preemption under Cal. Civ.Code § 3426.7.  *See e.g., Ernest Paper Prods., Inc. v. Mobil Chem. Co.*, 1997 WL 33483520 *7-9 (C.D.Cal. 1997) (interpreting Cal. Civ.Code § 3426.7 broadly to preempt intentional interference with economic relationships and unfair competition pursuant to Cal. Bus. & Prof.Code § 17200, *et seq.* causes of action based on trade secret misappropriation); *Convolve, Inc. v. Compaq Computer Corp.*, 2006 WL 839022

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650)428-3900

1  (S.D.N.Y. 2006) (federal court applying California law found interference claims arising from

2  trade secrets preempted by Cal. Civ.Code § 3426.7).

### 2.  Even if not preempted by the UTSA, Plaintiffs have not stated a claim for Intentional Interference.

Plaintiffs present only conclusory allegations that an economic relationship between Plaintiffs and their "customers" existed. Comp. ¶ 22.  To state a cause of action for interference with prospective business advantage, a plaintiff must show an existing business relationship or the existence of a "prospective business relationship." *Westside Ctr. Assocs. v. Safeway Stores, 23, Inc.,* 42 Cal. App. 4th 507, 524 (1996).   There must have been a "probability of future economic benefit" from a business relationship, *i.e.,* more than a mere "hope" or "desire." *Blank v. Kirwan*, 39 Cal. 3d 311, 330-31, 216 Cal. Rptr. 718 (1985).

Although the complaint alleges one existing relationship, with Rpsoft Sas, it identifies no products or details of that relationship, claims no future business expectations, presents no other prospective relationships or customers, and relies on conclusory language to merely parrot the elements of the tort. Plaintiffs' vague and non-specific allegations do not meet federal pleading requirements. Defendants have not been placed on notice of which relationships they allegedly disrupted or the basis for Plaintiffs' alleged injury. *See Conley*, 355 U.S. at 45-46.

### E.  Count V for alleged conspiracy should be dismissed.

Finally, Plaintiffs contend that "in or about January 2006, Defendants Lin and Wang agreed and knowingly and willfully conspired to hinder and injure Plaintiffs' business by setting up a company and *using Plaintiffs' trade secret* [sic] to compete against Plaintiffs." Comp. ¶ 28 (emphasis added).

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650)428-3900

Case No.: C07 02949 PVT
Defs' Notice and Motion to Dismiss; Memo of
P&A's In Support

- 19 -

1    To properly plead a conspiracy cause of action, a plaintiff must allege "the formation

2    and operation of the conspiracy and damage resulting to plaintiff from an act or acts done in

3    furtherance of the common design." *Accuimage*, 260 F.Supp. 2d at 947 (quoting *Mox, Inc. v.*

4    *Woods*, 202 Cal. 675, 677 (1927)).  The allegations contained in Count V are insufficient to

5    state a cause of action for conspiracy for two reasons.  First, the conspiracy claim arises solely

6    from alleged misappropriation of trade secrets and is therefore preempted by the UTSA.

7

8    Second, a conspiracy cannot exist as an independent cause of action under California law.

9    1.    **Plaintiffs' conspiracy claim is preempted by the UTSA.**

10    As with Counts II and IV, *supra*, Plaintiffs' Count V arises solely from Defendants

11    alleged misappropriation of the same purported trade secrets giving rise to Count I.  Plaintiffs

12

13    offer no new facts or theories other than the obligatory allegation that Defendants Lin and Wang

14    "conspired" to use the trade secret to wrongfully compete.  For the same reasons as for Counts

15    II and IV, this tort claim is preempted by Cal. Civ. Code. § 3426.7.  *See Abanco Int'l., Inc. v.*

16

17    *Guestlogix Inc.*, 486 F. Supp.2d 779 (N.D. Ill. 2007) (the federal court dismissed plaintiff's

18    conspiracy claim, holding that it was preempted by the analogous Illinois Trade Secret Act).

19

20    In *Abanco*, the plaintiff filed suit against defendant alleging trade secret

21    misappropriation, breach of the agreement, unjust enrichment, tortious interference and

22    conspiracy.  Plaintiff's conspiracy claim was based solely upon use of information obtained

23    from plaintiff constituting its trade secrets.  Because plaintiff did not claim the conspiracy used

24    any information other than its trade secrets, the conspiracy claim was preempted.  The court

25    reasoning that it:

26

27                [C]annot reasonably read the complaint to include information
                other than trade secrets as the underlying conspiracy. Count V

28              alleges a conspiracy between Guestlogix and American Airlines

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650)428-3900

against Abanco. The complaint provides that "American Airlines has made use of components of the Abanco System and information obtained from Abanco relating to the Abanco System that is confidential, non-public, and proprietary and which constitute trade secrets belonging to Abanco." (Compl. at 49.) Paragraph 51 of the complaint plainly states " American Airlines' actions constitute misappropriation of Abanco's trade secrets." Therefore, the tort underlying the conspiracy claim is the misappropriation of trade secrets and is preempted under the ITSA.

*Id.* at 782.

As in *Abanco*, Plaintiffs' Count V arises solely from Defendants' alleged agreement to misappropriate information constituting Plaintiffs' purported trade secrets.  Comp. ¶ 28.  Accordingly, Count V is preempted and should be dismissed without leave to amend.

### 2.   Even if not preempted by the UTSA, Plaintiff's cannot plead an independent claim of conspiracy.

Civil conspiracy is not a separate and distinct cause of action under California law. *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 510-511 (1994) ("Civil conspiracy is not a cause of action,"  it is " a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration.");  *Accuimage*, 260 F.Supp. 2d at 947 (citing *Entm't Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1228 (9th Cir.1997), *cert. denied*, 523 U.S. 1021 (1998)).  Plaintiffs cannot plead conspiracy as an independent cause of action. *See id; Accuimage,* 260 F.Supp. 2d 947 (dismissing conspiracy claim on basis that no independent cause of action existed).  As a result, this Court should dismiss Count V against all defendants with prejudice.

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA  94043
(650)428-3900

Case No.: C07 02949 PVT
Defs' Notice and Motion to Dismiss; Memo of
P&A's In Support

- 21 -

## **CONCLUSION**

For the foregoing reasons, Defendants request that this Court dismiss the Complaint in its entirety with prejudice.

Respectfully submitted,

Dated: July 20, 2007

JEFFREY K. LEE
SALLIE KIM
GCA LAW PARTNERS LLP

By:  __/s/   Jeffrey K. Lee_____.
        Jeffrey K. Lee

Attorneys for Defendants
MARTIN C. LIN, YUSHAN WANG,
AKA SAMANTHA WANG, and IMAGE
DEVICE INC.

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA. 94043
(650)428-3900

Case No.: C07 02949 PVT
Defs' Notice and Motion to Dismiss; Memo of
P&A's In Support

- 22 -

1

2                              **CERTIFICATE OF SERVICE**

3

4        The foregoing and accompanying documents have been filed electronically with the

5   Clerk of the Court this day through the Court's electronic filing system, which will provide

6   notice to the following E-mail recipients:

7

8           Yung Ming Chou, Esq.
            39111 Paseo Padre Parkway, Suite 207
9           Fremont, California 94538
            Email: chouyung@aol.com
10          Tel.: (510) 713-8698
            Fax: (510) 713-8690
11

12          *Attorney for Plaintiffs Atech Flash Technology Inc. & Sunus Suntek Inc.*

13
    Dated: July 20, 2007                          JEFFREY K. LEE
14                                                 SALLIE KIM
                                                   GCA LAW PARTNERS LLP
15

16                                                 By:  __/s/  Jeffrey K. Lee____ .
                                                        Jeffrey K. Lee
17

18                                                 Attorneys for Defendants
                                                   MARTIN C. LIN, YUSHAN WANG,
19                                                 AKA SAMANTHA WANG, and
                                                   IMAGE DEVICE INC.

20

21

22

23

24

25

26

27

28