YUNG MING CHOU, State Bar No. 172118
39111 Paseo Padre Parkway, Suite 207
Fremont, California 94538
Tel: (510) 713-8698
Fax: (510) 713-8690
E-mail: chouyung@aol.com

Attorney for Plaintiffs ATECH TECHNOLOGY INC. &
SUNUS SUNTEK INC.

JEFFREY K. LEE, State Bar No. 212465
SALLIE KIM, State Bar No. 142781
GCA LAW PARTNERS LLP
1891 Landings Drive
Mountain View, CA 94043
Phone No.: (650) 428-3900
Fax No.: (650) 428-3901
E-mail: jlee@gcalaw.com
E-mail: skim@gcalaw.com

Attorneys for Defendants MARTIN C. LIN, YUSHAN WANG, AKA
SAMANTHA WANG, and IMAGE DEVICE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATECH FLASH TECHNOLOGY INC. & SUNUS SUNTEK INC.<br><br>    Plaintiff,<br><br>    vs.<br><br>MARTIN C. LIN, YUSHAN WANG, A.K.A. SAMANTHA WANG, and IMAGE DEVICE INC.<br><br>    Defendants. | No. C07 02949 PVT<br><br>**STIPULATED [PROPOSED] PROTECTIVE ORDER**<br><br>The Hon. Patricia V. Trumbull |

1.    PURPOSES AND LIMITATIONS

        Disclosure and discovery activity in this action are likely to involve production of

confidential, proprietary, or private information for which special protection from public

disclosure and from use for any purpose other than prosecuting this litigation would be

warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the

1 following Stipulated Protective Order. The parties acknowledge that this Order does not

2 confer blanket protections on all disclosures or responses to discovery and that the

3 protection it affords extends only to the limited information or items that are entitled under

4 the applicable legal principles to treatment as confidential. The parties further

5 acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates

6 no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth

7 the procedures that must be followed and reflects the standards that will be applied when a

8 party seeks permission from the court to file material under seal.

9     2.   <u>DEFINITIONS</u>

10        2.1   <u>Party</u>: any party to this action, including all of its officers, directors,

11 employees, consultants, retained experts, and outside counsel (and their support staff).

12        2.2   <u>Disclosure or Discovery Material</u>: all items or information,

13 regardless of the medium or manner generated, stored, or maintained (including, among

14 other things, testimony, transcripts, or tangible things) that are produced or generated in

15 disclosures or responses to discovery in this matter.

16        2.3   <u>"Confidential" Information or Items</u>: information (regardless of how

17 generated stored or maintained) or tangible things that qualify for protection under

18 standards developed under F.R.Civ.P. 26(c).

19        2.4   <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>:

20 extremely sensitive "Confidential Information or Items" whose disclosure to another Party

21 or non-party would create a substantial risk of serious injury that could not be avoided by

22 less restrictive means.

23        2.5   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery

24 Material from a Producing Party.

25        2.6   <u>Producing Party</u>: a Party or non-party that produces Disclosure or

26 Discovery Material in this action.

27

28

2.7.    <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.8    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9    <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10    <u>House Counsel</u>: attorneys who are employees of a Party.

2.11    <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel (as well as their support staffs).

2.12    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.    <u>DURATION</u>

1    Even after the termination of this litigation, the confidentiality obligations imposed

2    by this Order shall remain in effect until a Designating Party agrees otherwise in writing or

3    a court order otherwise directs.

4    5.    DESIGNATING PROTECTED MATERIAL

5    5.1    Exercise of Restraint and Care in Designating Material for

6    Protection. Each Party or non-party that designates information or items for protection

7    under this Order must take care to limit any such designation to specific material that

8    qualifies under the appropriate standards. A Designating Party must take care to designate

9    for protection only those parts of material, documents, items, or oral or written

10   communications that qualify – so that other portions of the material, documents, items, or

11   communications for which protection is not warranted are not swept unjustifiably within

12   the ambit of this Order.

13   Mass, indiscriminate, or routinized designations are prohibited. Designations that

14   are shown to be clearly unjustified, or that have been made for an improper purpose (e.g.,

15   to unnecessarily encumber or retard the case development process, or to impose

16   unnecessary expenses and burdens on other parties), expose the Designating Party to

17   sanctions.

18   If it comes to a Party's or a non-party's attention that information or items that it

19   designated for protection do not qualify for protection at all, or do not qualify for the level

20   of protection initially asserted, that Party or non-party must promptly notify all other parties

21   that it is withdrawing the mistaken designation.

22   5.2    Manner and Timing of Designations. Except as otherwise provided

23   in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise

24   stipulated or ordered, material that qualifies for protection under this Order must be clearly

25   so designated before the material is disclosed or produced.

26   Designation in conformity with this Order requires:

27   (a)    for information in documentary form (apart from transcripts

28   of depositions or other pretrial or trial proceedings), that the Producing Party affix the

1   legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

2   ONLY" at the top of each page that contains protected material. If only a portion or

3   portions of the material on a page qualifies for protection, the Producing Party also must

4   clearly identify the protected portion(s) (e.g., by making appropriate markings in the

5   margins) and must specify, for each portion, the level of protection being asserted (either

6   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

7                    A Party or non-party that makes original documents or materials

8   available for inspection need not designate them for protection until after the inspecting

9   Party has indicated which material it would like copied and produced. During the

10  inspection and before the designation, all of the material made available for inspection

11  shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the

12  inspecting Party has identified the documents it wants copied and produced, the Producing

13  Party must determine which documents, or portions thereof, qualify for protection under

14  this Order, then, before producing the specified documents, the Producing Party must affix

15  the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

16  ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material. If

17  only a portion or portions of the material on a page qualifies for protection, the Producing

18  Party also must clearly identify the protected portion(s) (e.g., by making appropriate

19  markings in the margins) and must specify, for each portion, the level of protection being

20  asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

21  EYES ONLY").

22                    (b)    for testimony given in deposition or in other pretrial or trial

23  proceedings, that the Party or non-party offering or sponsoring the testimony identify on

24  the record, before the close of the deposition, hearing, or other proceeding, all protected

25  testimony, and further specify any portions of the testimony that qualify as "HIGHLY

26  CONFIDENTIAL – ATTORNEYS' EYES ONLY." When it is impractical to identify

27  separately each portion of testimony that is entitled to protection, and when it appears that

28  substantial portions of the testimony may qualify for protection, the Party or non-party that

1  sponsors, offers, or gives the testimony may invoke on the record (before the deposition or

2  proceeding is concluded) a right to have up to 20 days to identify the specific portions of

3  the testimony as to which protection is sought and to specify the level of protection being

4  asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

5  ONLY"). Only those portions of the testimony that are appropriately designated for

6  protection within the 20 days shall be covered by the provisions of this Stipulated

7  Protective Order.

8          Transcript pages containing Protected Material must be separately

9  bound by the court reporter, who must affix to the top of each such page the legend

10  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as

11  instructed by the Party or non-party offering or sponsoring the witness or presenting the

12  testimony.

13          (c)    for information produced in some form other than

14  documentary, and for any other tangible items, that the Producing Party affix in a

15  prominent place on the exterior of the container or containers in which the information or

16  item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

17  ATTORNEYS' EYES ONLY." If only portions of the information or item warrant

18  protection, the Producing Party, to the extent practicable, shall identify the protected

19  portions, specifying whether they qualify as "Confidential" or as "Highly Confidential –

20  Attorneys' Eyes Only."

21          5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent

22  failure to designate qualified information or items as "Confidential" or "Highly

23  Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating

24  Party's right to secure protection under this Order for such material. If material is

25  appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes

26  Only" after the material was initially produced, the Receiving Party, on timely notification

27  of the designation, must make reasonable efforts to assure that the material is treated in

28  accordance with the provisions of this Order.

1    6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

2        6.1    Timing of Challenges. Unless a prompt challenge to a Designating

3    Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness,

4    unnecessary economic burdens, or a later significant disruption or delay of the litigation, a

5    Party does not waive its right to challenge a confidentiality designation by electing not to

6    mount a challenge promptly after the original designation is disclosed.

7        6.2    Meet and Confer. A Party that elects to initiate a challenge to a

8    Designating Party's confidentiality designation must do so in good faith and must begin the

9    process by conferring directly (in voice to voice dialogue; other forms of communication

10   are not sufficient) with counsel for the Designating Party. In conferring, the challenging

11   Party must explain the basis for its belief that the confidentiality designation was not

12   proper and must give the Designating Party an opportunity to review the designated

13   material, to reconsider the circumstances, and, if no change in designation is offered, to

14   explain the basis for the chosen designation. A challenging Party may proceed to the next

15   stage of the challenge process only if it has engaged in this meet and confer process first.

16       6.3    Judicial Intervention. A Party that elects to press a challenge to a

17   confidentiality designation after considering the justification offered by the Designating

18   Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil

19   Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in

20   detail the basis for the challenge. Each such motion must be accompanied by a competent

21   declaration that affirms that the movant has complied with the meet and confer

22   requirements imposed in the preceding paragraph and that sets forth with specificity the

23   justification for the confidentiality designation that was given by the Designating Party in

24   the meet and confer dialogue.

25       The burden of persuasion in any such challenge proceeding shall be on the

26   Designating Party. Until the court rules on the challenge, all parties shall continue to afford

27   the material in question the level of protection to which it is entitled under the Producing

28   Party's designation.

1    7.    ACCESS TO AND USE OF PROTECTED MATERIAL

2         7.1    Basic Principles. A Receiving Party may use Protected Material that

3    is disclosed or produced by another Party or by a non-party in connection with this case

4    only for prosecuting, defending, or attempting to settle this litigation. Such Protected

5    Material may be disclosed only to the categories of persons and under the conditions

6    described in this Order. When the litigation has been terminated, a Receiving Party must

7    comply with the provisions of section 11, below (FINAL DISPOSITION).

8         Protected Material must be stored and maintained by a Receiving Party at a

9    location and in a secure manner that ensures that access is limited to the persons authorized

10   under this Order.

11        7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless

12   otherwise ordered by the court or permitted in writing by the Designating Party, a

13   Receiving Party may disclose any information or item designated CONFIDENTIAL only

14   to:

15        (a)    the Receiving Party's Outside Counsel of record in this

16   action, as well as employees of said Counsel to whom it is reasonably necessary to disclose

17   the information for this litigation and who have signed the "Agreement to Be Bound by

18   Protective Order" that is attached hereto as Exhibit A;

19        (b)    the officers, directors, and employees (including House

20   Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this

21   litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit

22   A);

23        (c)    experts (as defined in this Order) of the Receiving Party to

24   whom disclosure is reasonably necessary for this litigation and who have signed the

25   "Agreement to Be Bound by Protective Order" (Exhibit A);

26        (d)    the Court and its personnel;

27

28

1        (e)    court reporters, their staffs, and professional vendors to

2  whom disclosure is reasonably necessary for this litigation and who have signed the

3  "Agreement to Be Bound by Protective Order" (Exhibit A);

4        (f)    during their depositions, witnesses in the action to whom

5  disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by

6  Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to

7  depositions that reveal Protected Material must be separately bound by the court reporter

8  and may not be disclosed to anyone except as permitted under this Stipulated Protective

9  Order.

10        (g)    the author of the document or the original source of the

11  information.

12       7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

13  ONLY" Information or Items. Unless otherwise ordered by the court or permitted in

14  writing by the Designating Party, a Receiving Party may disclose any information or item

15  designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

16        (a)    the Receiving Party's Outside Counsel of record in this

17  action, as well as employees of said Counsel to whom it is reasonably necessary to disclose

18  the information for this litigation and who have signed the "Agreement to Be Bound by

19  Protective Order" that is attached hereto as Exhibit A;

20        (b) – [DELETED];

21        (c)    Experts (as defined in this Order) (1) to whom disclosure is

22  reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound

23  by Protective Order" (Exhibit A);

24        (d)    the Court and its personnel;

25        (e)    court reporters, their staffs, and professional vendors to

26  whom disclosure is reasonably necessary for this litigation and who have signed the

27  "Agreement to Be Bound by Protective Order" (Exhibit A); and

28

1      (f)      the author of the document or the original source of the

2  information.

3      8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

4  IN OTHER LITIGATION.

5      If a Receiving Party is served with a subpoena or an order issued in other

6  litigation that would compel disclosure of any information or items designated in this

7  action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

8  ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if

9  possible) immediately and in no event more than three court days after receiving the

10  subpoena or order. Such notification must include a copy of the subpoena or court order.

11      The Receiving Party also must immediately inform in writing the Party who

12  caused the subpoena or order to issue in the other litigation that some or all the material

13  covered by the subpoena or order is the subject of this Protective Order. In addition, the

14  Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the

15  Party in the other action that caused the subpoena or order to issue.

16      The purpose of imposing these duties is to alert the interested parties to the

17  existence of this Protective Order and to afford the Designating Party in this case an

18  opportunity to try to protect its confidentiality interests in the court from which the

19  subpoena or order issued. The Designating Party shall bear the burdens and the expenses of

20  seeking protection in that court of its confidential material – and nothing in these

21  provisions should be construed as authorizing or encouraging a Receiving Party in this

22  action to disobey a lawful directive from another court.

23      9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

24      If a Receiving Party learns that, by inadvertence or otherwise, it has

25  disclosed Protected Material to any person or in any circumstance not authorized under this

26  Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the

27  Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all

28  copies of the Protected Material, (c) inform the person or persons to whom unauthorized

1   disclosures were made of all the terms of this Order, and (d) request such person or persons

2   to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as

3   Exhibit A.

4        10.    FILING PROTECTED MATERIAL. Without written permission from the

5   Designating Party or a court order secured after appropriate notice to all interested persons,

6   a Party may not file in the public record in this action any Protected Material. A Party that

7   seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

8        11.    FINAL DISPOSITION. Unless otherwise ordered or agreed in writing by

9   the Producing Party, within sixty days after the final termination of this action, each

10  Receiving Party must return all Protected Material to the Producing Party. As used in this

11  subdivision, "all Protected Material" includes all copies, abstracts, compilations,

12  summaries or any other form of reproducing or capturing any of the Protected Material.

13  With permission in writing from the Designating Party, the Receiving Party may destroy

14  some or all of the Protected Material instead of returning it. Whether the Protected Material

15  is returned or destroyed, the Receiving Party must submit a written certification to the

16  Producing Party (and, if not the same person or entity, to the Designating Party) by the

17  sixty day deadline that identifies (by category, where appropriate) all the Protected Material

18  that was returned or destroyed and that affirms that the Receiving Party has not retained

19  any copies, abstracts, compilations, summaries or other forms of reproducing or capturing

20  any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain

21  an archival copy of all pleadings, motion papers, transcripts, legal memoranda,

22  correspondence or attorney work product, even if such materials contain Protected

23  Material. Any such archival copies that contain or constitute Protected Material remain

24  subject to this Protective Order as set forth in Section 4 (DURATION), above.

25       12.    MISCELLANEOUS

26            12.1    Right to Further Relief. Nothing in this Order abridges the right of

27  any person to seek its modification by the Court in the future.

28

1      12.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this

2  Protective Order no Party waives any right it otherwise would have to object to disclosing

3  or producing any information or item on any ground not addressed in this Stipulated

4  Protective Order. Similarly, no Party waives any right to object on any ground to use in

5  evidence of any of the material covered by this Protective Order.

6  //

7  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

8
9  Dated: July 11, 2007                    YUNG MING CHOU

10                                         By: ___/s/ Yung-Ming Chou__.
                                                Yung Ming Chou
11
12                                         Attorney for Plaintiffs ATECH FLASH
                                           TECHNOLOGY INC. & SUNUS SUNTEK
13                                         INC.

14
15  Dated: July 11, 2007                   JEFFREY K. LEE
                                           SALLIE KIM
16                                         GCA LAW PARTNERS LLP

17                                         By:___/s/ Jeffrey K. Lee_____.
                                               Jeffrey K. Lee
18
19                                         Attorneys for Defendants MARTIN LIN,
                                           YUSHAN WANG, AKA SAMANTHA
20                                         WANG, and IMAGE DEVICE INC.

21
22
23  PURSUANT TO STIPULATION, IT IS SO ORDERED.

24
25  DATED: _____7/13/07_____            *Patricia V. Trumbull*
                                           PATRICIA V. TRUMBULL
26                                         United States Magistrate Judge

27
28

<u>EXHIBIT A</u>

**<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>**

I, _____ [print or type full name], of

_____ [print or type full

address], declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for the

Northern District of California on _____ [date] in the case of *Atech

Flash Technology Inc, et al. v. Martin Lin, et. al.*, Case No. C-07-02949 PVT. I agree to

comply with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any

manner any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Northern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this

action.

I hereby appoint _____ [print or type full name]

of _____ [print or type

full address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this Stipulated

Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                        [printed name]

Signature: _____
                      [signature]