YUNG MING CHOU, ESQ (SBN 172118)
39111 Paseo Padre Parkway, Suite 207
Fremont, CA 94538
Tel.:  (510) 713-8698
Fax: (510) 713-8690
E-Mail; chouyung@aol.com

Attorney for Plaintiffs
        ATECH FLASH TECHNOLOGY INC. & SUNUS SUNTEK INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATECH FLASH TECHNOLOGY INC. & SUNUS SUNTEK INC. | Case No.: C07 02949 PVT |
| Plaintiff, | PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT |
| vs. | |
| MARTIN C. LIN, YUSHAN WANG, A.K.A. SAMANTHA WANG., AND IMAGE DEVICE INC. | The Hon. Patricia V. Trumbull |
| | Date: September 4, 2007 |
| Defendants. | Time: 10:00 a.m. |
| | Courtroom: 5 |
| | Filed concurrently: |
| | Declaration of Larry Liang |

1

# TABLE OF CONTENTS

Page No.

TABLE OF CONTENTS……………………………………………………...…2

TABLE OF AUTHORITIES……………………………………………………4

STATEMENT OF ISSUE ………………………………………………………6

SUMMARY OF ARGUMENT…………………………………………………6

STATEMENT OF FACTS……………………………………………………6

ARGUMENT…………………………………………………………………8

I.    COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN ALL PLAINTIFFS AND DEFENDANTS EXISTS…………………………………………8

II.    THIS COURT HAS PERSONAL JURISDICTION OVER DEFENDANT IMAGE DEVICE BECAUSE IT IS DOING BUSINESS IN CALIFORNIA, AND HAS PURPOSEFULLY AVAILED ITSELF TO THE PRIVILEGE OF CONDUCTING BUSINESS IN CALIFORNIA……………….…………...8

III.    DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM SHOULD BE DENIED………………..………………………10

    (A)    Plaintiffs' First Count of Statutory Misappropriation of Trade Secret presents sufficient facts and satisfies the "short and plain statement" of Rule 8(a)…………………………………………………..………11

    (B)    Plaintiffs' Second Count of Common Law Misappropriation of Trade Secret is not preempted by UTSA…………………………………12

    (C)    Plaintiff's Third Count for Breach of Employment Agreement satisfies Rule 8(a) which requires a short and plain statement of the claim showing that plaintiff is entitled to relief………………….……………13

    (D)    Plaintiffs' Fourth Count of Intentional Interference of Economic Relationship is not preempted by UTSA……………………………..13

    (E)    Plaintiffs' Fifth Count of Conspiracy is not preempted by UTSA……………………………………………………………13

(MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS)
C07 02949 PVT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IV.    DEFENDANTS' MOTION TO DISMISS SHOULD BE DENIED UNLESS

DEFENDANTS PROVE BEYOND DOUBT THAT PLAINTIFFS CAN

PROVE NO SET OF FACTS IN SUPPORT OF THEIR CLAIMS....…………14

CONCLUSION…………………………………………………………………………15

(MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS)
C07 02949 PVT

## TABLE OF AUTHORITIES

CASES                                                                                        Page No.

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4[th] 503 (1994)…………….……...….14

*Balistreri v. Pacific Police Dept.*, 901 F.2d 696 (9th Cir. 1988)………………………………14

*Clegg v. Cult Awareness Network*, 18 F.3d 752 (9th Cir. 1994)……………………………...10, 12

*Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957)…………………10, 14

*Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)……………………………14

*Gordy v. Daily News, L.P.*, 95 F.3d 829 (9th Cir. 1996)……………………………………….9

*Guam Investment Company v. Central Building, Inc.*, 288 F.2d 19 (9th Cir. 1961)………..…...8

*Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408 (1984)………………….……..8, 9

*Jenkins v. MsKeithen* (1968) 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404……………..…….14

*Levine v. Diamanthuset, Inc.* 950 F.2d 1478 (9th Cir. 1991)………………………………….14

*Lincoln Prop. Co. v. Roche*, 126 S. Ct. 606, 613 (2005)…………………………………….8

*Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)……………………………………..14, 15

*Morlife, Inc. v. Perry*, 56 Cal.App.4[th] 1514, 1521 (1997)……………………………………12

*Schneider v. California Dept. of Corrections*, 151 F.3d 1194 (9th Cir. 1998)………………..14

*Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001)……………………………11

*Taubler v. Giraud* 729 F.2d 641(9th Cir. 1981), *cert. denied*, 469 U.S. 917, 105 S.Ct. 295, 83 L.Ed.2d 230 (1984)………………………………………………………………………...10

*Usher v. City of Los Angeles*, 828 F.2d 556 (9th Cir. 1987)………………………….10, 12

### STATUTES

Cal. Civ. Code §3426.1(a)…………………………………………………………11

Cal. Civ. Code §3426.1(b)(2)…………………………………………………………11

Cal. Civ. Code § 3426.1(d)…………………………………………………………11

Cal. Civ. Code §3426.7……………………………………………………………12, 13, 14

### MISCELLANEOUS

Fed. R. Civ. P.

    Rule 8(a)……………………………………………………………10, 11, 12, 13

4

1

Rule 12(b)(6)........................................................................................14

Rule 15(a)...................................................................................8, 14, 15

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS)
C07 02949 PVT

**STATEMENT OF ISSUES**

1. Whether the court should grant defendant's motion to dismiss plaintiffs' complaint when the evidence clearly shows complete diversity of citizenship existed for all defendants while plaintiffs erroneously alleged that defendant Samantha Wang resides in California?

2. Whether the court should grant defendants' motion to dismiss plaintiffs' complaint when the evidence clearly shows that defendant Image Device Inc. has requisite minimum contacts with California and has availed itself of the privilege of conducting activities in California?

3. Whether plaintiffs have stated a claim against defendants in Counts I through V?

**SUMMARY OF ARGUMENT**

1. The motion to dismiss of defendants Martin C. Lin ("Lin"), Yushan Wang, a.k.a. Samantha Wang ("Wang"), and Image Device Inc. ("Image Device") based on lack of complete diversity of citizenship for all defendants should be denied because the evidence clearly shows that all defendants are Georgia residents even though plaintiff, on information and belief, erroneously alleged that defendant Wang resides in California.

2. Defendants' motion to dismiss based on lack of personal jurisdiction over defendant Image Device should be denied because defendant Image Device has requisite minimum contacts with California and has availed itself to the privilege of conducting business in California by claiming its headquarter in San Jose, California and conducing business in California through its corporate address and telephone and fax numbers in San Jose, California.

3. Defendants' motion to dismiss based on plaintiffs' failure to state a claim should be denied because all five counts set forth in plaintiffs' complaint satisfy the "short and plain statements" of Rule 8(a) and are not preempted by California Uniform Trade Secrets Act.

4. Defendants' motion to dismiss should be denied unless defendants prove beyond doubt that plaintiffs can prove no set of facts in support of their claims.

**STATEMENT OF FACTS**

Plaintiffs Atech Flash Technology Inc. ("Atech") and Sunus Suntek Inc. ("Suntek") are the affiliated companies and share the same office located at 46045 Warm Springs Blvd.,

6

1    Fremont, CA 94539. Suntek engages in the design and manufacturing of computer casing, and

2    Atech engages in the design and manufacturing of card readers. (Decl. of Liang: ¶2)

3        Defendants Lin and Wang started to work at plaintiff Suntek's office in Georgia in 1998

4    and were transferred to plaintiff Atech's Fremont office in August 2005. (Decl. of Liang: ¶4).

5    Defendants Lin and Wang were continued on plaintiff Suntek's payroll while they worked for

6    plaintiff Atech. (Decl. of Liang: ¶6) Plaintiff Atech paid for defendants Lin and Wang's monthly

7    rent and automobile lease while they worked in Atech's Fremont office and reimbursed their

8    business expenses for their jobs performed for plaintiff Atech. (Decl. of Liang: ¶¶ 5 & 6)

9        Defendants Lin and Wang's employment with plaintiffs were contingent upon their

10    nondisclosure and non-use of plaintiffs' confidential proprietary information, which defendants

11    Lin and Wang agreed. (Decl. of Liang: ¶¶ 3, 4, & 9) Defendants Lin and Wang resigned their

12    jobs with plaintiffs Suntek and Atech on March 31, 2007 and started to compete against plaintiff

13    Atech directly by using plaintiffs' confidential proprietary information that they acquired

14    through their employment with plaintiffs. (Decl. of Liang: ¶¶ 8 & 10)

15        Defendants Lin and Wang set up defendant Image Device in Georgia (Decl. of Lin: ¶¶ 15

16    & 16) and used 5339 Prospect Road, Suite 280, San Jose, CA 95129 and (408) 455-3698 and

17    (408) 257-1169 as defendant Image Device's headquarter and contacting phone and fax

18    numbers. (Decl. of Liang: ¶¶ 11 & 12)

19        While defendant Lin signed his declaration in support of defendants' motion to dismiss

20    under penalty of perjury under the laws of the United States on July 20, 2007, his declaration is

21    clearly in contradiction to the 2006 Corporation Annual Registration of defendant Image Device

22    and its representations set forth in its website. (Decl. of Lin: ¶¶ 26, 27, 28, 29, 31, 32, 33, & 34)

23    (Decl. of Liang: ¶ 11, Exs. G, H, & I) Plaintiffs request this Court to take judicial notice of the

24    Image Device's 2006 Corporation Annual Registration filed with the Georgia Secretary of State

25    and its website showing that its office location was in San Jose, California.

26        Plaintiff Atech's majority of income derives from its sales of products to digital image

27    and photo kiosk industry, which is not generally known to the public. (Decl. of Liang: ¶¶ 13 &

28

7

14)  Defendants have specifically targeted its sales of competing products on such buyers (Decl. of Lin: ¶¶ 19, 21, 23 & 24)

## ARGUMENT

### I. COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN ALL PLAINTIFFS AND DEFENDANTS EXISTS.

The US Supreme Court held that complete diversity of citizenship between all plaintiffs and defendants must exist to confer such jurisdiction. *Lincoln Prop. Co. v. Roche*, 126 S. Ct. 606, 613 (2005)

Defendants Lin and Wang are husband and wife and reside in Suwanee, Georgia. (Decl. of Lin: ¶¶ 3 & 10) They incorporated defendant Image Device in Georgia. (Decl. of Lin: ¶¶ 2, 15, &17) Plaintiffs Suntek and Atech are California corporation. (Decl. of Liang: ¶ 1) Therefore, complete diversity of citizenship between all plaintiffs and defendants exist in this case.

Plaintiffs have, on information and belief, erroneously stated in the complaint that defendant Wang resided in San Jose, California (Comp: ¶ 3), and have unintentionally omitted to include defendant Wang in its jurisdiction statement (Comp: ¶6 (b)). However, the aforesaid errors do not negate the establishment of subject matter jurisdiction in this case.  Accordingly, defendants' motion to dismiss based on lack of complete diversity of citizenship for all defendants should be denied.

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend his pleadings once as a matter of course at any time before a responsive pleading is served. *Guam Investment Company v. Central Building, Inc.*, 288 F.2d 19, 24. (9th Cir. 1961) Therefore, plaintiffs are entitled to amend their complaint to cure the aforesaid errors.

### II. THIS COURT HAS PERSONAL JURISDICTION OVER DEFENDANT IMAGE DEVICE BECAUSE IT IS DOING BUSINESS IN CALIFORNIA, AND HAS PURPOSEFULLY AVAILED ITSELF TO THE PRIVILEGE OF CONDUCTING BUSINESS IN CALIFORNIA.

Principles of general jurisdiction dictate that a party may be subject to suit on all claims in a forum when he has sufficient contacts with the forum state. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414-15 (1984) Otherwise, personal jurisdiction must be

8

1  premised on a finding of specific jurisdiction assessed by the relationship among the defendants,

2  the forum and the litigation. *Id.* at 414. The minimum contacts can be established by defendant's

3  continuous and systematic contacts with the forum state that tantamount to doing business within

4  that state. *Id.* at 416.

5          In deciding specific jurisdiction, the court will evaluate the nature and quality of the

6  defendant's contacts: (i) the nonresident defendant must do some act or consummate some

7  transaction within the forum or perform some act by which he purposefully avails himself of the

8  privilege of conducting activities in the forum and thus invoking the benefits and protection of its

9  laws; (ii) plaintiff's claim must be one which arises out of or results from defendant's forum-

10  related activities; and (iii) exercise of jurisdiction is reasonable. *Gordy v. Daily News, L.P.*, 95

11  F.3d 829, 831-32 (9th Cir. 1996)

12          Defendant Image Device has gone far beyond the requisite minimum contacts as set forth

13  in *Helicopteros* above. Defendant Image Device has indeed transacted business within

14  California. Defendant Image Device in its 2006 Corporation Annual Registration filed with the

15  Georgia Secretary of State stated that its sole officer was defendant Lin and its office was located

16  at 5339 Prospect Road, Suite 280, San Jose, CA 95129. (Decl. of Liang: ¶ 12 & Ex. I)

17  Furthermore, defendant Image Device had listed the aforesaid San Jose address as its headquarter

18  and (408) 455-3698 and (408) 257-1169 as its sales contacting phone number and fax number

19  respectively on its website. (Decl. of Liang: ¶ 11) Defendant Image Device was indeed

20  physically present in California and had continuously and systematically transacted business in

21  California. Therefore, general jurisdiction over defendant Image Device is established.

22          By the same token, specific jurisdiction over defendant Image Device is also present.

23          (i) Defendant Image Device listed the address located at 5339 Prospect Road, Suite 280,

24  San Jose, CA 95129 as its headquarter and (408) 455-3698 and (408) 257-1169 as its sales

25  contacting phone number and fax number. It has therefore purposefully availed itself of the

26  privilege of conducting business in California and thereby invoked the benefits and protection of

27  California laws. (ii) Plaintiff's claims and damages were the result of defendants Lin, Wang and

28  Image Device's misappropriation of plaintiffs' confidential proprietary information in customer

9

1   lists and products designs and specifications. (Comp: ¶¶ 8, 12 & 13; Decl. of Liang: ¶¶ 10, 13 &

2   14) (iii) California is the most efficient forum for resolution of this case because the defendants'

3   activities and wrongdoings were committed in California. Jurisdiction may be exercised

4   reasonably if under the totality of the circumstances the defendant could reasonably anticipate

5   being called upon to present a defense in a distant forum. *Taubler v. Giraud* 729 F.2d 641, 649

6   (9th Cir. 1981), *cert. denied*, 469 U.S. 917, 105 S.Ct. 295, 83 L.Ed.2d 230 (1984). Since

7   defendant Image Device had conducted extensive business activities to reach out to California,

8   the burden of defending itself in California is reasonably foreseeable and less significant.

9        Based on the above-mentioned analyses, defendants' motion to dismiss for lack of

10  personal jurisdiction over defendant Image Device must be denied.

11  III. DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM SHOULD

12  BE DENIED.

13       Rule 8(a) of the Federal Rules of Civil Procedure provides that a pleading shall contain a

14  short and plain statement regarding the claim that plaintiff is entitled to relief.

15       "Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts

16  upon which he bases his claim. To the contrary, all the Rules require is a "short and plain

17  statement" that will give the defendant fair notice of what the plaintiff's claim is and the grounds

18  upon which it rests." *Conley v. Gibson*, 35 U.S. 41, 47 (1957) "Such simplified "notice pleading"

19  is made possible by the liberal opportunity for discovery and other pretrial procedures

20  established by the Rules to disclose more precisely the basis of both claim and defense and to

21  define more narrowly the disputed facts and issues." *Id*. at 47-48. "Pleading is not a game of skill

22  and its purpose is to facilitate a proper decision on the merits." *Id*. at 48.

23       All allegations of material fact in the complaint are taken as true and construed in the

24  light most favorable to the nonmoving party. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754

25  (9th Cir. 1994)

26       The issue is not whether plaintiff will prevail ultimately but whether he is entitled to offer

27  evidence to support his claim. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987)

28       The court may not grant a motion to dismiss for failure to state a claim unless it appears

1  beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle

2  him to relief. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)

3        As illustrated below, plaintiffs' complaint have satisfied the notice pleading requirement

4  set forth in Rule 8(a) of the Federal Rules of Civil Procedure, and defendants' motion to dismiss

5  should be denied.

6        (A) <u>Plaintiffs' First Count of Statutory Misappropriation of Trade Secret presents</u>

7  <u>sufficient facts and satisfies the "short and plain statement" of Rule 8(a).</u>

8        California's Uniform Trade Secrets Act ("UTSA") provides that "trade secret" means

9  information that derives independent economic value from not being generally known to the

10  public and is the subject of efforts that are reasonable under the circumstances to maintain its

11  secrecy. Cal. Civ. Code § 3426.1(d). One of the "misappropriation" under UTSA is further

12  defined as disclosure or use of a trade secret of another without consent who acquired such secret

13  under the circumstances giving rise to a duty to maintain its secrecy or limit its use, or derived

14  from or through a person who owed a duty to the claiming party to maintain its secrecy or limit

15  its use. Cal. Civ. Code §3426.1(b)(2). UTSA further provides that "improper means" as breach

16  of a duty to maintain secrecy. Cal. Civ. Code §3426.1(a).

17        Plaintiffs in their complaint have stated that (i) a condition for the employment of

18  defendants Lin and Wang was to not to disclose or use plaintiffs' trade secret such as customer

19  lists and pricing data without plaintiffs' consent; (Comp.: ¶8) (ii) defendants Lin and Wang

20  agreed to plaintiffs' employment condition; (Comp.: ¶9) (iii) plaintiffs have taken reasonable

21  measures to insure that the confidential information was only provided to those employees who

22  needed the information to perform their jobs and requested all such employees to agree not to

23  disclose or use plaintiffs' trade secret without plaintiffs' prior consent and the severe

24  consequence of any such violation; (Comp.: ¶10) and (iv) defendants Lin and Wang breached

25  their duty and exploited plaintiffs' trade secret to their economic gains by soliciting plaintiffs'

26  customers and engaging in direct competition with plaintiffs. The aforesaid pleading of Plaintiffs

27  meets the requirement of "short and plain statement" and satisfies the definition set forth in

28  UTSA.

11

1    Due to the unique and unusual business in the digital image and photo kiosk industry as

2  distinguished from the normal card reader business carried by the mass merchant retailers, the

3  present case is similar to the unusual roofing service in *Morlife, Inc. v. Perry*, 56 Cal.App.4[th]

4  1514, 1521 (1997) The majority of plaintiffs' revenue derives from plaintiffs' sales to the digital

5  image and photo kiosk industry, which is the unique industry not generally known to the public.

6  (Decl. of Liang: ¶¶ 13 & 14) Defendants Lin and Wang's key managerial positions in plaintiffs

7  enabled them to learn all plaintiffs' confidential proprietary information. They breached such

8  duty of confidentiality and used plaintiffs' trade secret to fulfill their personal gains. (Comp.: ¶¶

9  7, 10, & 13) Defendants' allegation that plaintiff Atech's logo would render plaintiffs' trade

10  secret obsolete because a person would know a customer uses Atech's products. (Decl. of Lin:

11  ¶39) Such allegation is ludicrous in that even with the identification of plaintiff Atech's logo, a

12  person would only know one of Atech's customers rather than all Atech's customer lists.

13    All allegations of material fact in the complaint are taken as true and construed in the

14  light most favorable to the nonmoving party. *Clegg v. Cult Awareness Network*, 18 F.3d at 754.

15  The issue is not whether plaintiff will prevail ultimately but whether he is entitled to offer

16  evidence to support his claim. *Usher v. City of Los Angeles*, 828 F.2d at 561. Based on the

17  above-mentioned rules, it is clear that defendants' motion to dismiss for failure to state a claim is

18  unfounded and should be denied.

19    (B) <u>Plaintiffs' Second Count of Common Law Misappropriation of Trade Secret is not</u>

20  <u>preempted by UTSA.</u>

21    Cal. Civ. Code §3426.7 provides that UTSA does not affect contractual remedies,

22  whether or not based upon misappropriation of a trade secret or other civil remedies that are not

23  based on misappropriation of trade secret.

24    In the present case, plaintiffs' second count is based on both breach of employment

25  agreement and misappropriation of trade secret (Comp.: ¶¶ 8, 9, 10, 11, 12, 13, & 19). Such

26  statements satisfy the notice-pleading requirement of Rule 8(a). Since the contractual remedy is

27  also included in the plaintiff's second count, this common law misappropriation of trade secret is

28  not preempted by UTSA as specifically set forth in California Civ. Code §3426.7.

1    (C) <u>Plaintiff's Third Count for Breach of Employment Agreement satisfies Rule 8(a)</u>

2    <u>which requires a short and plain statement of the claim showing that plaintiff is entitled to relief.</u>

3    Plaintiffs in their complaint provides that (i) defendants Lin and Wang worked for

4    plaintiffs Suntek and Atech, and agreed not to use or disclose certain plaintiffs' proprietary

5    information and trade secret; and (ii) defendants Lin and Wang breached the agreement and used

6    plaintiffs' trade secret in direct competition against plaintiffs. (Comp. ¶¶ 7, 8, 9, 11, 12 & 13)

7    Such statements apprise defendants of the existence of the employment agreement, their duties

8    under the agreement not to use or disclose of the proprietary confidential information, and their

9    breach of the agreement by exploiting the plaintiffs' trade secret to their economic advantage.

10    Nothing in Rule 8(a) requires plaintiffs to plead every single element of a cause of action

11    as asserted by defendants. (Def. Memo: P. 16:23 – P. 17-27) Plaintiffs have satisfied the notice

12    pleading requirement set forth in Rule 8(a). Therefore, plaintiffs' claim for breach of

13    employment agreement is well-pleaded under Rule 8(a).

14    (D) <u>Plaintiffs' Fourth Count of Intentional Interference of Economic Relationship is not</u>

15    <u>preempted by UTSA.</u>

16    California Civ. Code §3426.7 provides that UTSA does not affect contractual

17    remedies, whether or not based upon misappropriation of a trade secret or other civil remedies

18    that are not based on misappropriation of trade secret.

19    As analyzed in III (B) above, plaintiffs' fourth count is based on both breach of

20    employment agreement and misappropriation of trade secret (Comp.: ¶¶ 8, 9, 10, 11, 12, 13, &

21    21). Such statements satisfy the notice pleading requirement of Rule 8(a). Since the contractual

22    remedy is also included in the plaintiff's second count, this common law misappropriation of

23    trade secret is not preempted by UTSA as specifically set forth in California Civ. Code §3426.7.

24    Furthermore, plaintiffs' complaint has specifically identified one of their customers "Rpsoft Sas"

25    was solicited by defendants. Such short and plain statement has placed defendants on notice of

26    plaintiffs' existing business relationship with Rpsoft and their damages sustained due to

27    defendants' unfair competition. Therefore, defendants' motion to dismiss should be denied.

28    (E) <u>Plaintiffs' Fifth Count of Conspiracy is not preempted by UTSA.</u>

(MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS)
C07 02949 PVT

1    Again, plaintiffs' fifth count of conspiracy is based on both breach of employment

2  agreement and misappropriation of trade secret (Comp.: ¶¶ 8, 9, 10, 11, 12, 13, 27, 28, & 29).

3  This legal doctrine imposes liability on defendant Image Device who shares with defendants Lin

4  and Wang a common plan or design in its perpetration. *Applied Equip. Corp. v. Litton Saudi*

5  *Arabia Ltd.*, 7 Cal.4th 503, 510-511 (1994). Therefore, plaintiff's fifth count is not preempted by

6  UTSA under California Civ. Code §3426.7, and can be plead together with the rest four counts.

7  IV. <u>DEFENDANTS' MOTION TO DISMISS SHOULD BE DENIED UNLESS</u>

8  <u>DEFENDANTS PROVE BEYOND DOUBT THAT PLAINTIFFS CAN PROVE NO SET OF</u>

9  <u>FACTS IN SUPPORT OF THEIR CLAIMS.</u>

10    For the purposes of a motion to dismiss, the material allegations are taken as admitted,

11  and the complaint should not be dismissed unless it appears that the claimant could prove no set

12  of facts in support of his claim which would entitle him to relief. *Jenkins v. MsKeithen*, 395 U.S.

13  411, 421-22, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1968).

14    The court should not dismiss a complaint under Rule 12(b)(6) unless it appears beyond

15  doubt that plaintiff can prove no set of facts in support of his claim. *Balistreri v. Pacific Police*

16  *Dept.*, 901 F.2d 696, 699 (9th Cir. 1988) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct.

17  99, 101-02, 2 L.Ed.2d 80 (1957)). All factual allegations are to be taken as true and construed in

18  the light most favorable to plaintiff, and dismissal is proper only where it appears beyond doubt

19  that plaintiff can prove no set of facts in support of his claim. *Levine v. Diamanthuset, Inc.* 950

20  F.2d 1478, 1482 (9th Cir. 1991).

21    The well-established precedent in 9th Circuit is that dismissal without leave to amend is

22  improper unless it is clear that the complaint could not be saved by any amendment. *Schneider v.*

23  *California Dept. of Corrections*, 151 F.3d 1194, 1197 (9th Cir. 1998)

24    Rule 15(a) provides that a party may amend his pleadings once as a matter of course at

25  any time before a responsive pleading is served.

26    "Federal Rules of Civil Procedure 15(a) requires that a trial court shall grant leave to

27  amend freely when justice so requires, and the Supreme Court has stated that this mandate is to

28  be noted. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)" *Lopez v.*

1  *Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) "A district court should grant leave to amend even if

2  no request to amend the pleading was made, unless it determines that the pleading could not

3  possibly be cured by the allegation of other facts." *Id*.

4       While defendants' motion to dismiss asserted that plaintiffs' complaint has failed to state

5  a claim against defendant, defendants have not proved their allegations in the light of a system of

6  pleading with simplified and brief forms of complaint set up by the Federal Rules of Civil

7  Procedure. However, in the event that this Court makes such finding of failure to state a claim as

8  alleged by defendants, plaintiffs are entitled to amend their complaint pursuant to Rule 15(a).

9                                 **<u>CONCLUSION</u>**

10       Based on the reasons stated above, defendants' motion to dismiss should be denied in its

11  entirety.

12  Dated: August 14, 2007                    Respectfully submitted,

13

14                                    ___/s/ Yung-Ming Chou_____.

15                                    Yung-Ming Chou
                                      Attorney for Plaintiffs

16

17

18

19

20

21

22

23

24

25

26

27

28

15

1

PROOF OF SERVICE BY E-MAIL

2

Yung-Ming Chou certifies:

3

4       I am, and at times mentioned herein was, an active member of the State Bar of California
and not a party to the within cause. My business address is 39111 Paseo Padre Parkway, Suite
5       207, Fremont, CA 94538.

6       On August 14, 2007, I served a copy of attached PLAINTIFFS' MEMORANDUM OF
POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
7       AND DECLARATION OF LARRY LIANG IN OPPOSITION TO DEFENDANTS' MOTION
TO DISIMISS by electronic mail to the following recipient:

8

9               Jeffrey K. Lee
                Sallie Kim
10              GCA Law Partners LLP
                1891 Landings Drive
11              Mountain View, CA 94043
                Tel: (650) 428-3900
12              Fax: (650) 428-3901
                E-Mail: jlee@gcalaw.com
13              E-Mail: skim@gaclaw.com

14

15      I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

16

17      Dated: August 14, 2007

                                        ____/s/ Yung-Ming Chou_____
18                                      Yung-Ming Chou

19

20

21

22

23

24

25

26

27

28

16

(MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS)
C07 02949 PVT