JEFFREY K. LEE, State Bar No. 212465
SALLIE KIM, State Bar No. 142781
GCA LAW PARTNERS LLP
1891 Landings Drive
Mountain View, CA 94043
Phone No.: (650) 428-3900
Fax No.: (650) 428-3901
E-mail: jlee@gcalaw.com
E-mail: skim@gcalaw.com

Attorneys for Defendants MARTIN C. LIN,
YUSHAN WANG, AKA SAMANTHA WANG,
and IMAGE DEVICE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ATECH FLASH TECHNOLOGY INC. & SUNUS SUNTEK INC.<br><br>Plaintiffs,<br><br>vs.<br><br>MARTIN C. LIN, YUSHAN WANG, A.K.A. SAMANTHA WANG, and IMAGE DEVICE INC.<br><br>Defendants. | No. C07 02949 PVT<br><br>**DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**<br><br>The Hon. Patricia V. Trumbull<br><br>Date: Tuesday, September 4, 2007<br>Time: 10:00 a.m.<br>Courtroom: 5, 4th Floor |

Case No.: C07 02949 PVT
Defs' Reply Memo of P&A's Motion to Dismiss

# TABLE OF CONTENTS

Page No.

REPLY STATEMENT OF ISSUES AND FACTS .................................................................. 1

ARGUMENT ........................................................................................................................... 1

    I.    PLAINTIFFS HAVE FAILED TO ESTABLISH DIVERSITY JURISDICTION ................................................................................ 1

        A.    Plaintiffs acknowledged failure to plead complete diversity requires dismissal ......................................... 2

        B.    Amendment to re-plead diversity based on "residency" would be futile ............................................................................. 3

            1.    Plaintiffs' amendments would fail to state or establish diversity jurisdiction .................................. 4

            2.    Plaintiffs' cannot allege diverse citizenship of any Defendant in good faith ........................................ 4

    II.    PERSONAL JURISDICTION OVER DEFENDANT IMAGE DEVICE ................................................................................................ 7

    II.    PLAINTIFFS FAIL TO STATE ANY CLAIM ................................................. 8

        A.    Count I for misappropriation of trade secrets under C.C.C. § 3426 ............................................................................. 9

            1.    Plaintiffs still do not have adequate notice of the disputed customers .................................................. 9

            2.    Plaintiffs cannot amend Count I to plead trade secret protection over the customers in good faith ................. 9

        B.    Count II for common law misappropriation of trade secrets should be dismissed with prejudice ........................................ 10

        C.    Count III for breach of a non-existent employment agreement should be dismissed with prejudice ........................................ 11

        D.    Count IV for intentional interference with economic relationship should be dismissed with prejudice ........................................ 13

        E.    Count V for alleged conspiracy should be dismissed with prejudice .......................................................................... 13

CONCLUSION ........................................................................................................................ 14

# TABLE OF AUTHORITIES

Cases            Page No.

*Abanco Int'l., Inc. v. Guestlogix Inc.*,
    486 F. Supp.2d 779 (N.D. Ill. 2007) ...................................................... 13, 14

*Adler v. Fed. Republic of Nigeria*,
    107 F.3d 720 (9th Cir. 1997) .................................................................. 2

*Aetna Cas. & Sur. Co. v. Hillman*,
    796 F.2d 770 (5th Cir. 1986) .................................................................. 7

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*,
    7 Cal. 4th 503 (1994) ............................................................................. 14

*Balistreri v. Pacifica Police Dep't*,
    901 F.2d 696 (9th Cir. 1990) .................................................................. 8

*Bell Atlantic Corp v. Twombly*,
    127 S.Ct. 1955 (2007) ........................................................................... *passim*

*Conley v. Gibson*,
    355 U.S. 41 (1957) ................................................................................. *passim*

*Convolve, Inc. v. Compaq Computer Corp.*,
    2006 WL 839022 (S.D.N.Y. 2006) ...................................................... 13

*Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*,
    911 F.2d 242 (9th Cir.1990) ................................................................... 8

*Ernest Paper Prods., Inc. v. Mobil Co.*,
    1997 WL 33483520 (C.D. Cal. 1997) ................................................... 13

*Fifty Associates v. Prudential Ins. Co.*,
    446 F.2d 1187 (9th Cir.1970) ................................................................ 3

*Foman v. Davis*,
    371 U.S. 178 (1962) .............................................................................. 8

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
    511 U.S. 375 (1994) .............................................................................. 1

| | |
|---|---|
| *Lew v. Moss,*<br>    797 F.2d 747 (9th Cir. 1986) ................................................................ | 4 |
| *Morlife, Inc. v. Perry,*<br>    56 Cal. App.4th 1514 (1997) ................................................................ | 10 |
| *Nablo v. Desert Plastics, LLC,*<br>    2006 WL 288394 (D.Ariz. Feb 06, 2006) ............................................ | 7 |
| *Newman-Green, Inc. v. Alfonzo-Larrain,*<br>    490 U.S. 826 (1989) ............................................................................ | 4, 6 |
| *O2 Micro Intern. Ltd. v. Monolithic Power Systems, Inc.,*<br>    420 F.Supp.2d 1070 (N.D. Cal. 2006),<br>    *aff'd,* 221 Fed. Appx. 996 (Fed. Cir. 2007) .................................... | 11 |
| *PMC, Inc. v. Kadisha,*<br>    78 Cal.App.4th 1368 (2000) ................................................................ | 11 |
| *Realty Holding Co. v. Donaldson,*<br>    268 U.S. 398 (1925) ............................................................................ | 4 |
| *Reddy v. Litton Indus., Inc.,*<br>    912 F.2d 291 (9th Cir.1990) ................................................................ | 8 |
| *Roberts v. Corrothers,*<br>    812 F.2d 1173 (9th Cir. 1987) ............................................................ | 2 |
| *Saul v. United States,*<br>    928 F.2d 829 (9th Cir. 1991) .............................................................. | 8 |
| *Schreiber Distrib. Co. v. Serv-Well Furniture Co.,*<br>    806 F.2d 1393 (9th Cir. 1986) ............................................................ | 9 |
| *Snell v. Cleveland, Inc.,*<br>    316 F.3d 822 (9th Cir. 2002) .............................................................. | 3 |
| *Tosco Corp. v. Communities for a Better Environment,*<br>    236 F.3d 495 (9th Cir. 2001) .............................................................. | 2, 6 |
| *Weible v. United States,*<br>    244 F.2d 158 (9th Cir. 1957) .............................................................. | 4 |

iii

Case No.: C07 02949 PVT

| Code and Statutes | Page No. |
|---|---|
| CAL. CIV. CODE § 3426.7 | passim |
| Fed. R. Civ. P. 8 | passim |
| Fed. R. Civ. P. 12(b)(1) | 14 |
| Fed. R. Civ. P. 12(b)(2) | 14 |
| Fed. R. Civ. P. 12(b)(6) | 14 |
| Fed. R. Civ. P. 15(a) | passim |
| 28 U.S.C. § 1332(a) | 4 |
| 28 U.S.C. § 1332(c)(1) | 6 |
| 28 U.S.C. § 1653 | passim |

| Other Authorities | Page No. |
|---|---|
| 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE §1206 (1969 & Supp. 2005) | 2 |

Plaintiffs seek to maintain the vague claims that nevertheless compel Defendants to restrict legitimate sales to buyers that Plaintiffs *might* later claim as part of an unspecified "customer list." Defendants ask this Court to grant their motion, ending Plaintiffs' bad faith misuse of the judicial process.

In their response, Plaintiffs admit failure to plead diverse citizenship, warranting dismissal. They identify only two of numerous defects to cure by amendment and then argue facts and offer evidence contradicting necessary jurisdictional allegations and tending to undermine diversity. The Complaint must be dismissed without leave to amend.

Plaintiffs also decline to address the authorities compelling dismissal with prejudice of Counts I through V and fail to proffer curative facts, making amendment futile.

## REPLY STATEMENT OF ISSUES AND FACTS

Defendants rely on the Statement of Issues to Be Decided and Statement of Facts previously presented.[1] They address below an additional issue presented by Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss ("Opp'n Mem."): Whether Plaintiffs should be granted leave to amend their jurisdictional allegations pursuant to 28 U.S.C. § 1653 and claims pursuant to Fed. R. Civ P. 15(a).

## ARGUMENT

### I. PLAINTIFFS HAVE FAILED TO ESTABLISH DIVERSITY JURISDICTION.

A plaintiff always bears the burden of establishing subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); 5 C. Wright & A. Miller,

---

[1] Defendants dispute the facts stated in Plaintiff's opposition memorandum ("Opp'n Mem.") and in the Declaration of Larry Liang ("Liang Decl."). Without waiving the right to contest such allegations and facts, Defendants address only those issues presented for disposition to the Court in this motion.

Case No.: C07 02949 PVT
Defs' Reply Memo of P&A's Motion to Dismiss

-1-

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650)428-3900

Federal Practice and Procedure § 1206 (1969 & Supp. 2005) ("the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot 'be established argumentatively or by mere inference.'"). A facial challenge to jurisdiction examines the allegations in the complaint, while a factual challenge can encompass extrinsic evidence outside the pleadings. *See Adler v. Fed. Republic of Nigeria,* 107 F.3d 720, 728 (9th Cir. 1997). Courts should not, in an attempt to determine whether subject matter jurisdiction exists, resolve genuinely disputed facts. *See Roberts v. Corrothers,* 812 F.2d 1173, 1177 (9th Cir. 1987).

### A. Plaintiffs acknowledged failure to plead complete diversity requires dismissal.

Plaintiffs concede that they have not pled the existence of diversity jurisdiction due to "errors" made "on information and belief" but make the unsupported statement that they "do not negate the establishment of subject matter jurisdiction in this case." Opp'n Mem. at 8. They claim as their only failings that "Plaintiffs have, on information and belief, erroneously stated in the complaint that defendant Wang *resided* in San Jose, California . . . , and have unintentionally omitted to [sic] include defendant Wang in its jurisdiction statement." Opp'n Mem. at 8 (citations omitted) (emphasis added).[2]

Insufficient allegations of diversity jurisdiction require dismissal of the Complaint. *Tosco Corp. v. Communities for a Better Environment,* 236 F.3d 495, 499 (9th Cir. 2001) ("A plaintiff suing in a federal court must show in his *pleading,* affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, *must dismiss* the *case,* unless the defect be corrected by amendment.") (emphasis added) (citation omitted). *See also,*

Case No.: C07 02949 PVT
Defs' Reply Memo of P&A's Motion to Dismiss
-2-

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650) 428-3900

*Fifty Associates v. Prudential Ins. Co.,* 446 F.2d 1187, 1190 (9th Cir.1970) ("[f]ailure to make proper and complete allegations of diversity jurisdiction relegates a litigant to the jurisdictional purgatory. . . ." ).

### B. Amendment to re-plead diversity based on "residency" would be futile.

Plaintiffs do not provide an amended complaint with their papers,[3] but seek leave to amend under Fed. R. Civ. P. 15(a) to correct those jurisdictional pleading errors they have identified. Opp'n Mem. at 8. Plaintiffs propose to cure the defective allegations by merely amending to plead that (1) "Defendants Lin and Wang . . . *reside* in Suwanee, Georgia," and that "[t]hey *incorporated* defendant Image Device in Georgia." Opp'n Mem. at 8 (emphasis added). Plaintiffs conclude that these allegations will establish "[t]herefore, complete diversity of citizenship between all plaintiffs and defendants exist [sic] in this case." Opp'n Mem. at 8.

The liberal standard of Rule 15(a) is not applicable for jurisdictional pleading defects. Instead, 28 U.S.C. § 1653 provides this Court discretion to deny or allow amendment upon a failure properly to plead jurisdiction. 28 U.S.C. § 1653 ("Defective allegations of jurisdiction *may* be amended, upon terms, in trial or appellate courts.") (emphasis added).

Dismissal without leave to amend is allowed where the complaint cannot be cured by amendment, such as when complete diversity has not been established. *Snell v. Cleveland, Inc.,* 316 F.3d 822, 828 n.6 (9th Cir. 2002) (granting leave to amend jurisdictional allegations where "undisputed that complete diversity of citizenship existed.") (citation omitted).

---

[2] In fact, Plaintiffs alleged only the "primary" residences of Defendants Lin and Wang. Comp. ¶¶ 2-3. This allegation implies that each defendant has more than one residence, further undermining establishment of citizenship, discussed *infra*.
[3] See Civil Local Rule 10-1.

Case No.: C07 02949 PVT                              -3-
Defs' Reply Memo of P&A's Motion to Dismiss

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650)428-3900

### 1. Plaintiffs' amendments would fail to state or establish diversity jurisdiction.

As Defendants noted, 28 U.S.C. § 1332(a)'s plain language makes "citizenship" rather than "residence" the criteria for diversity jurisdiction. Defs' Mem. at 6 and n. 2. The Supreme Court has consistently held that state citizenship for purposes of diversity jurisdiction depends not on residence, but on national citizenship and domicile. *See, e.g., Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). ("In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State."). The existence of such national and state citizenship cannot be inferred from Plaintiffs' allegations of mere residence, standing alone. *See, e.g., Realty Holding Co. v. Donaldson*, 268 U.S. 398, 399 (1925) ("The bill alleges that . . . appellee [is] a 'resident' of Michigan. This is not a sufficient allegation of appellee's Michigan citizenship."). Plaintiff's proposed restatement to correct the erroneous "residency" allegations would therefore still fail to satisfy national and state citizenship requirements. Such an amendment would be futile.

### 2. Plaintiffs cannot allege diverse citizenship of any Defendant in good faith.

#### a. Plaintiffs must contradict their evidence to plead diversity of Lin and Wang.

Plaintiffs do not propose to address their failure to allege the domicile of the individual parties. A person's domicile is a permanent home, where he or she resides with the intention to remain or to which he or she intends to return. *See Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). A person residing in a state is not necessarily domiciled there, and thus is not necessarily a citizen of that state. *See Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957) ("Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode, though, to be sure, domicile

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650)428-3900

Case No.: C07 02949 PVT
Defs' Reply Memo of P&A's Motion to Dismiss

-4-

often hangs on the slender thread of intent alone, . . . . Residence is not an immutable condition of domicile."). Plaintiffs identify no allegation, present no facts, and make no argument showing that they can establish the respective domiciles of Defendants Lin and Wang. In failing to acknowledge that defect, Plaintiffs would again fail to identify a basis for diversity.

Indeed, Plaintiffs actually *contradict* their claim to diversity by presenting evidence and argument tending to show that Lin and Wang are *California* domiciliaries. Plaintiffs contend Lin and Wang (1) were "transferred" and relocated to California as recently as August 2005; (2) were employed at Plaintiffs' offices in Fremont, California until resigning on March 31, 2006; (3) have one or more relatives in California and lived with family in Cupertino, California at least since their move to California; (4) later founded Image Device, Inc. using a San Jose, California headquarters and telephone numbers; and (5) utilized that California address and telephone numbers continuously, only deleting them from Image Device's website after a April 6, 2007 cease and desist letter. *See* Opp'n Mem. at 7; Liang Decl. ¶¶ 4, 5, 8, 11, 12, and Exhs. A, B, C, D, F, G, I. Plaintiffs however, fail to identify or argue either Lin or Wang's domicile when the Complaint was filed.[4]

### b. **Plaintiffs will contradict their evidence of Image Device's citizenship.**

In addition, Plaintiffs have failed to plead and establish citizenship for themselves and for Defendant Image Device. Any corporation, "shall be deemed to be a citizen of any State by

---

[4] Although not argued by Plaintiffs, Declarant Liang claims that at some time before or during March 2006, Lin and/or Wang "assured me that they intended to go back to Georgia and start a Chinese restaurant business there without any further involvement in hi-tech business [sic]." Liang Decl. at ¶ 9. At best, the statement is only relevant to the speaker's state of mind at one moment in March or April 2006 – not to the speaker's domicile at the time of the June 2007 Complaint. This is inadmissible hearsay and disputed by Defendants. If such statement was made, the speaker's seriousness and commitment to carry it out has not been established – they,

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650)428-3900

which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Here, the Complaint states that Atech and Suntek are each "organized under the laws of the state of California," but does not state that either is incorporated there. Comp. ¶ 1. They also allege that Image Device is a "Georgia corporation," but fail to allege incorporation. Comp. ¶ 4. Plaintiffs therefore have failed to plead corporate citizenship.

Moreover, even though Defendants have not contested the alleged citizenship of Image Device, Plaintiffs appear to do so. They present evidence contradicting their Complaint, which identified Image Device's principal place of business in Georgia, by arguing and offering evidence tending to show that Defendant Image Device has maintained a "continuous and systematic" state presence and operations through its headquarters in California. *See* Comp. ¶ 4; Opp'n Mem. at 7, 9-10 (arguing under Fed. R. Civ. P. 12(b)(2)); Liang Decl. ¶¶ 11, 12 and Exhs. G, H, I.

Plaintiff's evidence and argument is typically offered to establish a corporation's principal place of business under the Ninth Circuit's "place of operations" test. *See Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495 (9th Cir 2001) (granting motion to dismiss for lack of diversity without prejudice to refiling in state court where "place of operations" test showed corporation to have principal place of business in California).

       **c.** **<u>Necessary amendments will likely contradict Plaintiffs' proffered facts.</u>**

The Supreme Court agreed that "the scope of 1653 . . . allows appellate courts to remedy inadequate jurisdictional *allegations*, but not defective jurisdictional *facts*." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. at 832 (citation omitted). Here, Plaintiffs were given an

---

in fact, *did* found a technology product company, Image Device, and did *not* open a Chinese restaurant.

Case No.: C07 02949 PVT                 -6-
Defs' Reply Memo of P&A's Motion to Dismiss

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650)428-3900

opportunity to offer a factual basis for diversity jurisdiction in their Complaint and in response to Defendants' motion to dismiss, but did not do so. "[T]here was not merely a defective allegation of jurisdiction, but rather there was no tendered showing that jurisdiction in fact existed . . . ." *Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 776 (5th Cir. 1986).

As discussed *supra*, Plaintiffs have not only failed to tender a basis, they have presented evidence tending to *undermine* it as to each Defendant. Where a Plaintiff presents such argument and evidence and the likely result of amendment would again produce defective jurisdictional allegations, leave should not be granted. *See, e.g., Nablo v. Desert Plastics, LLC*, 2006 WL 288394 at *4 (D.Ariz. Feb 06, 2006) (denying amendment under 28 U.S.C. § 1653 as a "futile gesture prejudicial to defendants" upon accepting plaintiff's arguments and evidence attached to plaintiff's opposition to motion to dismiss amended complaint, finding that they "tend to corroborate, rather than upset" physical presence of both defendants in plaintiff's state of citizenship).

Plaintiffs have revealed an inadequate investigation and foreshadowed contradictory jurisdictional allegations and facts. As a result, Plaintiffs fail to provide a basis to believe an amendment of the Complaint satisfying their burden could be achieved in good faith. Accordingly, subject matter jurisdiction would not be established by a good faith amendment and Plaintiffs' Complaint should be dismissed in its entirety without leave to amend.

## II. PERSONAL JURISDICTION OVER DEFENDANT IMAGE DEVICE.

Defendants argued that no personal jurisdiction over Defendant Image Device has been established. Def's Mem. at 6-10. As discussed above, Plaintiffs argue and attempt to prove that Defendant Image Device has maintained a continuous and systematic physical presence and

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650)428-3900

operations in California. Opp'n Mem. at 9. If correct, Plaintiffs severely undermine their claim to complete diversity jurisdiction. *See supra.*

### III. PLAINTIFFS FAIL TO STATE ANY CLAIM.

Plaintiffs ignore *Twombly* and invoke the more liberal pleading requirements of *Conley*. Opp'n Mem. at 14-15. *See* Defs' Mem. at 11 (discussing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct.1955, 1960 (2007)). But in *Twombly*, the Court said *Conley's* "no set of facts" standard has "earned its retirement." *Id.* at 1969. Under *Twombly*, the facts stated in the Complaint must make Plaintiffs' claims *plausible* - not merely *possible* as previously allowed under *Conley*. As with UTSA-preempted Counts II, IV and V, dismissal can be based on lack of a cognizable legal theory or, as in Counts I and III, the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Plaintiffs seek leave to amend under Rule 15(a). Opp'n at 14. A court granting a motion to dismiss need not allow amendment where no set of consistent facts can be proved under an amendment which would constitute a valid claim. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). A court is within its discretion to deny leave to amend when finding an "apparent or declared reason – such as undue delay, bad faith[,] dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment. . . ." *Foman v. Davis*, 371 U.S. 178, 182, (1962). *See Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 246-47 (9th Cir.1990) (no leave where amendment would be futile).

To assess "futility," a court examines whether the complaint could be amended to cure the defect "without contradicting any of the allegations of [the] original complaint." *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir.1990). An amended complaint cannot allege facts

Case No.: C07 02949 PVT
Defs' Reply Memo of P&A's Motion to Dismiss                -8-

inconsistent with the challenged pleading. *Id.* at 296-97. *See also, Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) ("If a complaint is dismissed for failure to state a claim, leave to amend should be granted *unless* the court determines that the allegation of other facts *consistent with the challenged pleading* could not possibly cure the deficiency.") (emphasis added). Plaintiffs cannot so cure Counts I through V by amendment.

### A. Count I for misappropriation of trade secrets under C.C.C. § 3426.

#### 1. Defendants still do not have adequate notice of the disputed customers.

Plaintiffs claim in Count I that Defendants contacted unidentified customers on a customer list, in violation of the UTSA. Comp. ¶¶ 13, 16. These allegations impose a severe and unfair hardship on Defendants due to the vagueness of the allegations. Contrary to Rule 8 and *Twombly*, Defendants have not been notified through the Complaint (or opposition papers) of any disputed customer's identity other than Rpsoft – and cannot admit or deny (let alone defend) the allegations as to any others that may be part of the Plaintiffs' "customer list." Moreover, Defendants cannot know to which of their own existing or potential customers they may sell due to the vague pleading. They must suffer either foregoing customer opportunities or risking unspecified damages due to Plaintiffs' non-specific allegations.

#### 2. Plaintiffs cannot amend Count I to plead trade secret protection over the customers in good faith.

Despite Plaintiffs' arguments otherwise, a reasonable reading of the Complaint reveals that the only "trade secret" at issue is the identity of buyer contacts alleged to constitute a "customer list." Comp. ¶ 10 (only information alleged on customer lists is "ready and accessible" buyer contacts). Indeed, Plaintiffs identify "customer lists" as separate and distinct proprietary and trade secret information from "vendor lists, pricing data, sources of supply, and financial data of Plaintiffs." Comp. ¶ 8. Plaintiffs then direct allegations in the Complaint only

to "customer lists." See Comp. ¶¶ 10, 13, 15 (stating only that "Defendants misappropriated Plaintiffs' *customer lists* . . . ."), 16. Tellingly, they seek relief only preventing Defendants from "continuing the misappropriation of Plaintiffs' trade secret by ongoing use of Plaintiffs' *customer lists*; . . . ." Comp. at 6 (prayer for relief). Accordingly, Plaintiffs' customer identities must be trade secrets to maintain Count I.

Plaintiffs do not dispute Defendants' argument that Suntek and Atech reveal customer identities via their respective websites. Def's Mem. at 13-14. This practice dissolves any secrecy in their customer relationships through public disclosure. They also decline to dispute that through a few clicks of a mouse and an internet connection, these customers and sales contacts can be identified online by anyone with little to no effort. *Id.*

Plaintiffs further concede that Atech's logo on its products allows any person to know of Atech's relationship with its individual customers, including photo kiosk customers such as Rpsoft. Opp'n Mem. at 12. Atech does not maintain secrecy around the existence of such customer relationships with Rpsoft or unnamed others. There can be no trade secret protection surrounding the identity of such customers. *See Morlife, Inc. v. Perry,* 56 Cal. App. 4th at 1521-22 ("courts are reluctant to protect customer lists to the exent they embody information which is 'readily ascertainable' through public sources . . . .").

Plaintiffs' have conceded that their customer identities are not protected trade secrets. Plaintiffs cannot now amend to contradict their concessions. Leave to amend should be denied and Count I dismissed with prejudice.

**B. Count II for common law misappropriation of trade secrets should be dismissed with prejudice.**

Plaintiffs conflate common law misappropriation tort remedies and contractual remedies to argue that Count II "is based on both breach of employment agreement and misappropriation

Case No.: C07 02949 PVT
Defs' Reply Memo of P&A's Motion to Dismiss
-10-

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650)428-3900

of trade secrets" and that "since the contractual remedy is also included in the plaintiff's [sic] second count, this common law misappropriation of trade secret is not preempted by UTSA . . . ." Opp'n Memo. at 12.

Nevertheless, the UTSA's plain language specifically and separately identifies statutory claims, contract remedies and civil tort remedies. *See* Cal. Civ.Code § 3426.7(a)-(b) (separately and distinctly excluding from preemption "any *statute* relating to misappropriation of a trade secret, or any *statute* otherwise regulating trade secrets" and "*contractual remedies*, whether or not based upon misappropriation of a trade secret," and "*other civil remedies* that are not based upon misappropriation of a trade secret"). Count II must be dismissed with prejudice because it simply cannot proceed in light of UTSA's preemptive effect.

Moreover, this Court recognizes that "misappropriation of trade secrets is an intentional tort." *O2 Micro Intern. Ltd. v. Monolithic Power Systems, Inc.*, 420 F.Supp.2d 1070 (N.D.Cal. 2006), *aff'd* 221 Fed. Appx. 996 (Fed. Cir. 2007) (Wilken, j.) (citing *PMC, Inc. v. Kadisha*, 78 Cal.App.4th 1368, 1382 (2000)). In addition, Plaintiffs do not dispute Defendants' argument that Count II fails to identify – let alone plead - a cognizable legal theory, claim elements, or cause of action under California law. Defendants must guess to defend Count II. Moreover, because UTSA preempts Count II, it cannot be cured and should be dismissed with prejudice.

### C. Count III for breach of a non-existent employment agreement should be dismissed with prejudice.

Plaintiffs do not dispute Defendants' argument that they have failed to plead Plaintiffs' fulfillment of obligations under a supposed "employment agreement." Instead, they argue that they need not plead the elements of a contract claim. Opp'n Mem. at 13 ("Nothing in Rule 8(a) requires plaintiffs to plead every single element of a cause of action . . . ."). However, pleading the elements is necessary (but not sufficient) to survive an attack on legal sufficiency.

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650)428-3900

*Twombly, supra* ("[A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and *a formulaic recitation of the elements of a cause of action will not do*.") (emphasis added) (citation omitted).

Plaintiffs further argue that their vague allegations in Count III satisfy Rule 8(a) by "appris[ing] defendants of the existence of the employment agreement," their duties "not to use or disclose certain plaintiffs' proprietary information and trade secret in direct competition against plaintiffs," and their breach of the agreement. Opp'n Mem. at 13 (emphasis added). But neither the Complaint nor Plaintiffs' opposition identifies the existence of a valid, enforceable contract. Indeed, the Complaint identifies only a single, vague "employment agreement" among *all* of the parties - despite naming *two* purported employers, *two* individual employees and an approximate *eight-year* period. Plaintiffs also fail to identify, explain or offer to amend with any of the critical facts to allow Defendants to defend themselves: the parties to "the agreement" or series of agreements, relevant dates and duration, the obligations of each party, and the form of the agreement, to name only a few.

Based on the declaration of Larry Liang, Plaintiffs amend of Count III would be futile because no agreement existed. His testimony reveals the totality of the claimed "agreement" -- he once "told" and twice "reminded" Defendants Lin and Wang not to misappropriate proprietary information on three occasions: prior to beginning employment in 1998, once during their respective employment terms, and finally at or after their respective resignations from one or both Plaintiffs' employ in March 2006. Liang Decl. ¶¶ 3, 4, 9. Liang's testimony establishes facts that, if pled through amendment, would fail to show an enforceable agreement. Plaintiffs are now limited to plead consistently with those facts and those in the Complaint in

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650)428-3900

any amendment. As a result, Count III does not state a claim and cannot be amended in good faith to do so. Count III should be dismissed with prejudice.

### D. Count IV for intentional interference with economic relationship should be dismissed with prejudice.

Plaintiffs do not contest Defendants' argument that they have failed to plead facts stating a claim for intentional interference. On this ground alone, Count IV should be dismissed.

In opposing dismissal of Count IV as preempted by the UTSA, Plaintiffs avoid addressing the *Ernest Paper* and *Convolve* cases discussed by Defendants. Defs' Mem. at 18-19. Instead, they again argue – as with Count II – that Count IV for "intentional interference of economic relationship" is a hybrid tort-contract cause of action. Opp'n Memo at 13. There can be little doubt that Count IV asserts an independent, intentional tort theory and remedies rather seeking a contract remedy. As with Count II, Count IV is preempted by the UTSA and should be dismissed with prejudice.

In a surprisingly argument, Plaintiffs say that the only identified customer, Rpsoft, is now known to Defendants because the Complaint's short, plain statement "has placed defendants on notice of plaintiffs' existing business relationship with Rpsoft and their damages sustained." Opp'n Memo at 13. This statement supports Defendants' position that they had no notice that Plaintiff's now claim trade secret protection over any customers. Indeed, to be a trade secret, information must be understood to be protected prior to the alleged wrongful conduct – not retroactively deemed so to generate litigation. Defendants' admitted lack of prior knowledge of the protected nature of the customer relationship negates the necessary intent to commit the tort.

### E. Count V for alleged conspiracy should be dismissed with prejudice.

Plaintiffs do not address *Abanco*, preferring to argue – as with Counts II and IV – that their claim in Count V for "conspiracy" is not preempted by the UTSA because it is a hybrid

Case No.: C07 02949 PVT    -13-
Defs' Reply Memo of P&A's Motion to Dismiss

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650)428-3900

tort-contract cause of action. Opp'n Memo at 13-14. *Applied Equipment*, cited by Plaintiffs and Defendants, establishes that "Civil conspiracy is not a cause of action" in California law, but is " a legal doctrine that imposes liability on persons who, although not actually committing a *tort* themselves, share with the immediate *tortfeasors* a common plan or design in its perpetration." *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 510-511 (1994) (emphasis added). Under *Abanco*, conspiracy to misappropriate trade secrets is a preempted tort. Defs' Mem. at 20-21. Plaintiffs do not cite authority to the contrary. As with Counts II and IV, Plaintiffs conspiracy claim is preempted by the UTSA and should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Defendants request that this Court dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and that Plaintiffs' request for leave amend jurisdictional pleadings be denied. In the alternative, the Complaint should be dismissed in its entirety with prejudice as to Counts I through V pursuant to Rule 12(b)(6) and *Twombly*. Finally, Defendant Image Device should be dismissed pursuant to Rule 12(b)(2). Leave to amend pursuant to Rule 15 should be denied.

Respectfully submitted,

Dated: August 21, 2007            GCA LAW PARTNERS LLP

By: __/s/ Jeffrey K. Lee__
    Jeffrey K. Lee

Attorneys for Defendants
MARTIN C. LIN, YUSHAN WANG,
AKA SAMANTHA WANG, and IMAGE
DEVICE INC.

## CERTIFICATE OF SERVICE

The foregoing document has been filed electronically with the Clerk of the Court this day through the Court's electronic filing system, which will provide notice to the following E-mail recipients:

>Yung Ming Chou, Esq.
>39111 Paseo Padre Parkway, Suite 207
>Fremont, California 94538
>Email: chouyung@aol.com
>Tel.: (510) 713-8698
>Fax: (510) 713-8690

*Attorney for Plaintiffs Atech Flash Technology Inc. & Sunus Suntek Inc.*

Dated: August 21, 2007

JEFFREY K. LEE
SALLIE KIM
GCA LAW PARTNERS LLP

By: __/s/ Jeffrey K. Lee__.
        Jeffrey K. Lee

Attorneys for Defendants
MARTIN C. LIN, YUSHAN WANG,
AKA SAMANTHA WANG, and
IMAGE DEVICE INC.

Case No.: C07 02949

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650)428-3900