|  |  |
|---|---|
| ATECH FLASH TECHNOLOGY, INC. and SUNUS SUNTEK, INC.,<br><br>               Plaintiffs,<br><br>    v.<br><br>MARTIN C. LIN, YUSHAN WANG aka SAMANTHA WANG and IMAGE DEVICE, INC.,<br><br>               Defendants. | Case No.: C 07-2949 PVT<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND** |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

**INTRODUCTION**

Defendants Martin C. Lin, Yushan Wang aka Samantha Wang and Image Device, Inc. move to dismiss the complaint on the grounds that there is no basis for diversity jurisdiction, that there is no personal jurisdiction over defendant Image Device, Inc. and that plaintiffs have failed to state any claim against any defendant. Plaintiffs allege five claims for relief: (1) misappropriation of trade secrets under California Civil Code § 3426 *et seq.*; (2) misappropriation of trade secrets (common law); (3) breach of contract; (4) intentional interference of economic relationship; and (5) conspiracy. The claims are asserted against all defendants. On September 18, 2007, the parties appeared for hearing. Having reviewed the papers and considered the arguments of counsel and for

the reasons set forth below, the court grants defendants' motion to dismiss with leave to amend.[1]

## BACKGROUND

Plaintiff Atech Flash Technology, Inc., is a division of plaintiff Sunus Suntek, Inc., and manufactures and sells multi-media card readers used in digital imaging markets, including photo kiosks. (collectively the "plaintiff companies").  Both companies are organized under California laws and located in Fremont, California.  In or around 1998, defendants Martin C. Lin and Yushan Wang began working at the plaintiff companies.  Defendant Lin was a branch manager and defendant Wang was a marketing manager.  They resigned from their respective positions at the plaintiff companies on March 31, 2006.

Plaintiffs allege that during the course of their employment with the plaintiff companies and again  following the tender of their resignations, defendants Lin and Wang agreed not to disclose or use any trade secrets or other proprietary information of the plaintiff companies without prior authorization or consent.  Trade secrets and other proprietary information of the plaintiff companies, includes their customer and vendor lists, pricing data, supply sources and financial information.  Apparently, the customer lists of the plaintiff companies are of particular value because of the significant resources devoted to developing the lists of potential buyers in the trade.  Plaintiffs allege that the plaintiff companies have made reasonable efforts to ensure the secrecy of their customer lists.

In or around April 2006, defendants Lin and Wang formed their own company which was named Image Device, Inc. (collectively "defendants").  The company was organized under Georgia laws and headquartered in Georgia.  Like the plaintiff companies, Image Device, Inc. manufactures and sells flash memory card readers for digital imaging markets.  The newer high-end products are designed and developed in Georgia, manufactured in China and offered as alternative products to the plaintiff companies' own multi-media card readers. Plaintiffs allege that defendants have contacted their customers (including Rpsoft Sas) in an effort to solicit business for themselves and in violation of trade secret laws and in breach of contract with the plaintiff companies.  As a result, the plaintiff

---

[1] The holding of this court is limited to the facts and particular circumstances underlying the present motion.

companies have lost valuable purchase orders which may cause them to go out of business.

On June 6, 2007, plaintiffs filed a complaint alleging, *inter alia*, various state claims for misappropriation of trade secrets, breach of contract and intentional interference of economic relationship and seeking injunctive relief, damages, attorneys' fees and costs. Plaintiffs alleged jurisdiction pursuant to 28 U.S.C. §1332 and venue pursuant to 28 U.S.C. § 1391. On July 20, 2007, defendants filed a motion to dismiss. On August 14, 2007, plaintiffs filed an opposition and on August 21, 2007, defendants filed a reply.

## DISCUSSION

### I.   Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) allows this court to dismiss a claim for lack of jurisdiction. Fed. R. Civ. P. 12(b)(1). "It is a fundamental principle that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 374 (1978). The plaintiff always bears the burden of establishing subject matter jurisdiction and a court must presume lack of jurisdiction until the plaintiff establishes otherwise. *See, Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 114 S.Ct. 1673, 1675 (1994); *Scott v. Breeland,* 792 F.2d 925, 927 (9th Cir. 1986) (The party seeking to invoke federal court jurisdiction has the burden of establishing that jurisdiction is proper).

In order to establish jurisdiction based on diversity, the parties must be of diverse citizenship and the complaint must place $75,000 in controversy. 28 U.S.C. §1332(a). Any party may bring a motion challenging federal jurisdiction and the nature of the plaintiff's burden in establishing subject matter jurisdiction depends on whether the motion is made as a facial or a factual attack. In a facial attack, a defendant challenges the sufficiency of the allegations contained in the complaint and a plaintiff enjoys the same standards and safeguards as apply to a motion under Rule 12(b)(6): the complaint is construed in the light most favorable to plaintiff and its allegations are taken as true. *See, e.g., Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004); *Abramson v. Brownstein,* 897 F.2d 389, 391 (9th Cir. 1990). When a defendant challenges the truth of the jurisdictional allegations in the complaint, it is a factual attack or speaking motion. In reviewing a factual attack, it is proper for the court to consider and evaluate disputed facts outside the complaint and it need not assume the truthfulness of the allegations in the complaint. *See, e .g., Doe v.*

ORDER, *page 3*

1  *Schacter,* 804 F.Supp. 53, 56 (N.D. Cal. 1992).  "[N]o presumptive truthfulness attaches to
2  plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court
3  from evaluating for itself the merits of the jurisdictional claims.  Moreover, the plaintiff will have
4  the burden of proof that jurisdiction does in fact exist." *Thornhill Publishing v. General Tel. & Elec.*
5  *Corp.,* 594 F.2d 730, 733 (9th Cir. 1979).  *See also, Safe Air for Everyone v. Meyer,* 373 F.3d at
6  1039 ("Once the moving party has converted the motion to dismiss into a factual motion by
7  presenting affidavits or other evidence properly brought before the court, the party opposing the
8  motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing
9  subject matter jurisdiction.").

10  However, where the jurisdictional issue and the substantive issues are so intertwined that the
11  question of jurisdiction is dependent on the resolution of factual issues going to the merits, the
12  jurisdictional determination should await a determination of the relevant facts on either a motion
13  going to the merits or at trial.  *Augustine v. United States,* 704 F.2d 1074, 1077 (9th Cir. 1983).
14  Therefore, the moving party should prevail only if the material jurisdictional facts are not in dispute
15  and the moving party is entitled to prevail as a matter of law.  Unless that standard is met, the
16  jurisdictional facts must be determined at trial by the trier of fact.  *Thornhill Publishing v. General*
17  *Tel. & Elec. Corp.,* 594 F.2d at 733-735.  Additionally, the amount in controversy is generally
18  determined from the face of the pleadings.  *Crum v. Circus Circus Enterprises,* 231 F.3d 1129,
19  1130-31 (9th Cir. 2000).  The sum claimed by the plaintiff controls so long as the claim is made in
20  good faith.  *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288-289 (1938).  "To justify
21  dismissal, 'it must appear to a legal certainty that the claim is really for less than the jurisdictional
22  amount.'" *Budget Rent-A-Car, Inc. v. Higashiguchi,* 109 F.3d 1471, 1473 (9th Cir. 1997) (quoting
23  *St. Paul Mercury Indem. Co.,* 303 U.S. at 289).

24  Here, defendants move to dismiss because plaintiffs have failed to allege complete diversity
25  among all defendants.  Rather than set forth any facts establishing citizenship of all plaintiffs and all
26  defendants, the complaint concludes that "there is complete diversity of citizenship between
27  Plaintiffs and Defendants Image Device and Lin" and neglects to mention the citizenship of
28  defendant Wang whatsoever.  The complaint states that "defendant [] Wang is an individual with

ORDER, *page 4*

primary residence located [][in] CA []."

Although defendant Wang was unintentionally omitted from the jurisdiction statement of the complaint and incorrectly identified as a resident of California, plaintiffs contend that there is complete diversity between all plaintiffs and all defendants in the action and that plaintiffs should be allowed to amend their complaint accordingly.

In the reply, defendants argue that granting plaintiffs leave to amend the complaint to cure the jurisdictional pleading errors would be futile. First, plaintiffs have inaptly cited to Rule 15(a) as authority allowing them to amend the complaint. Defendants argue that 28 U.S.C. § 1653 is the proper authority that provides the court with the discretion of whether to allow a party to amend for failing to plead jurisdiction properly and to dismiss without leave to amend if the complaint cannot be cured by amendment. Second, plaintiffs' mere allegations of the defendants' residence is insufficient. In the complaint, plaintiffs allege that defendants Lin and Wang are residents of Georgia. However, the plain language of 28 U.S.C. § 1332(a) requires allegations to support citizenship and domicile. Third, plaintiffs' own allegations in the complaint contradict an assertion of complete diversity of citizenship among all defendants. Based on contradictory allegations in the complaint, defendants Lin and Wang may be domiciled in California. For example, in the complaint plaintiffs allege the following: (1) that defendants Lin and Wang transferred and relocated to California in or around August 2005 ; (2) that defendants were employed in Fremont, California until their resignation from the plaintiff companies on March 31, 2006; (3) that defendants have extended family in California; (4) that defendants founded Image Device, Inc. in California; and (5) that defendant Image Device, Inc. identified on its website certain contact information in California.

By its present motion, defendants facially, and alternatively factually, attack the subject matter jurisdiction of the instant action.[2] Under a facial attack analysis, plaintiffs have not established complete diversity between all plaintiffs and all defendants. Plaintiffs have alleged in the complaint that the plaintiff companies are organized under California laws and have a principal place of business in California, that defendant Wang is a resident primarily of California, that

---

[2] Defendants do not allege that the complaint fails to allege a proper amount in controversy as it states that "the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs."

1 defendant Lin is a resident primarily of Georgia and that defendant Image Device, Inc. is
2 incorporated in Georgia with its principal place of business in Georgia while it also maintains an
3 office in California. The plaintiff companies, defendant Wang and perhaps defendant Image Device,
4 Inc. are not completely diverse. Therefore, plaintiffs have failed to allege that the matter in
5 controversy is between "citizens of different states." 28 U.S.C. § 1332(a)(1). Merely pleading the
6 residency of a defendant does not show diversity of citizenship. *Id.* Therefore, in construing the
7 complaint in the light most favorable to plaintiffs and taking its allegations as true, plaintiffs have
8 not met their burden.

9     Under a factual attack analysis, plaintiffs have not met their burden either. Here, the
10 jurisdictional issue and the substantive issues are not so intertwined as to preclude the court from
11 making a determination of the relevant facts. Plaintiffs allege state law claims and assert federal
12 jurisdiction on the basis of diversity between all plaintiffs and all defendants. Plaintiffs admit that in
13 their complaint they "erroneously alleged that defendant Wang resides in California." Neither the
14 Martin Lin declaration nor the Larry Liang declaration provide disputed facts related to the *actual*
15 domicile or alleged citizenship of defendant Wang. *Robertson v. Cease,* 97 U.S. 646, 648 (1878)
16 ("It is the settled doctrine of this court that, in cases where the jurisdiction of the Federal courts
17 depends upon the citizenship of the parties, the facts, essential to support that jurisdiction, must
18 appear somewhere in the record."). "[A] person is 'domiciled' in a location where he or she has
19 established a 'fixed habitation or abode in a particular place, and [intends] to remain there
20 permanently or otherwise' [and] the existence of domicile for purposes of diversity is determined as
21 of the time the lawsuit is filed." *Lew v. Moss,* 797 F.2d 747, 749 (9th Cir. 1986) (internal citations
22 omitted). None of the disputed facts relate to the domicile and citizenship of defendant Wang on the
23 date the complaint was filed.[3] Nevertheless, the court lacks subject matter jurisdiction in this action.

---

[3] At the hearing, defendants' counsel raised facts that were not included in the moving or reply papers. Such facts may call into question the purported domicile of defendant Lin and include, *inter alia,* his intent to return to California (when he can afford the housing prices in the area) and his continued possession of a valid California driver's license. Additionally, such facts may bear on diversity jurisdiction of the action. However, defendant Lin previously filed a declaration in support of defendants' motion to dismiss. None of these facts were included therein. As such, defendants' proffer of evidence is untimely and will not be considered for purposes of the instant motion.

1  Accordingly, defendants' motion to dismiss is granted with leave to amend. Plaintiffs shall file an
2  amended complaint to cure the defective allegations no later than twenty (20) days from the date of
3  this order. *See, e .g., Snell v. Cleveland, Inc.,* 316 F.3d 822, 828, fn. 6 (leave to amend granted "to
4  permit correction of incorrect statements about extant jurisdiction").

5  **II.    Motions to Dismiss Pursuant to Fed. Rules Civ. P. 12(b)(2) and 12(b)(6)**

6  Because the court has found that plaintiffs have not satisfied their burden in establishing
7  complete diversity of all plaintiffs and all defendants and has granted the motion to dismiss with
8  leave to amend, the merits of defendants' motions to dismiss under Rules 12(b)(2) and 12(b)(6) are
9  moot and need not be considered at this time.

10                                          **CONCLUSION**

11  For the foregoing reasons, defendants' motion to dismiss is granted with leave to amend.
12  Plaintiffs shall file an amended complaint no later than twenty (20) days from the date of this order.
13  Dated:  *September 18, 2007*

14  
15  _____
    PATRICIA V. TRUMBULL
    United States Magistrate Judge

ORDER, *page 7*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER, *page 8*