1  YUNG MING CHOU, ESQ (SBN 172118)
   39111 Paseo Padre Parkway, Suite 207
2  Fremont, CA 94538
   Tel.: (510) 713-8698
3  Fax: (510) 713-8690
   Email: chouyung@aol.com
4
   Attorney for Plaintiffs
5       ATECH FLASH TECHNOLOGY INC. & SUNUS SUNTEK INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATECH FLASH TECHNOLOGY INC. & SUNUS SUNTEK INC.<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MARTIN C. LIN, YUSHAN WANG, A.K.A. SAMANTHA WANG., AND IMAGE DEVICE INC.<br><br>　　　　Defendants. | Case No.: C07-2949 PVT<br><br>THE FIRST AMENDED COMPLAINT FOR DAMAGES<br><br>[DEMAND FOR JURY TRIAL] |

　　　Comes now Plaintiffs Atech Technology Inc. (hereinafter "Atech"), a California corporation, and Sunus Suntek Inc. (hereinafter "Suntek"), a California corporation, (collectively hereinafter referred to as "Plaintiffs"), through their undersigned counsel, and allege as follows:

### THE PLAINTIFFS

1. Plaintiff Atech is a California corporation organized under the laws of the State of California and having its principal place of business at 46045 Warm Springs Blvd., Fremont, CA 94539. Plaintiff Suntek is a California corporation organized under the laws of the State of California and having its principal place of business at 46045 Warm Springs Blvd., Fremont, CA 94539. Plaintiff Atech is a division of Suntek and is actively involved in the sale and manufacture of multi-media card readers and the peripheral parts and products.

### THE DEFENDANTS

1

2. On information and belief, Defendant Martin C. Lin (hereinafter "Lin"), is a citizen of the State of Georgia with his domicile located at 4214 Silver Peak Parkway, Suwanee, GA 30024.

3. On information and belief, Defendant Yushan Wang, also know as Samantha Wang, (hereinafter "Wang") is a citizen of the State of Georgia with her domicile located at 4214 Silver Peak Parkway, Suwanee, GA 30024.

4. On information and belief, Image Device Inc. (hereinafter referred to as "Image Device") is a Georgia corporation organized under the laws of the State of Georgia and having its principal place of business at 400 Peachtree Industrial Blvd., Suite 6, Suwanee, GA 30024.

5. All of the aforesaid defendants are hereinafter collectively referred to as the "Defendants".

6. Plaintiffs are informed and believe and thereon allege that at all times herein mentioned each of the Defendants was the agent and employee of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 and the venue is proper 28 U.S.C. §1391 because: (a) Defendant Image Device is a foreign corporation and Defendants Lin and Wang are foreign individuals, (b) there is complete diversity of citizenship between Plaintiff and all Defendants, (c) the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and (d) a substantial part of the events giving rise to the claim occurred in this district.

## COMPLAINT

8. In or about 1998, Plaintiff Suntek employed Defendants Lin and Wang to manage its branch office in Georgia. As a precondition of their employment with Plaintiff Suntek, Defendants Lin and Wang orally agreed and acknowledged that (a) all proprietary information of Plaintiff Suntek including, but not limited to, product information, technical and/or engineering data, customer list, vendor and supplier list, pricing data, sources of supply, and financial data of

1  Plaintiff Suntek constituted valuable proprietary rights and/or trade secret; (b) they would return
2  all such proprietary information to Plaintiff Suntek upon the termination of their employment
3  with Suntek; (c) would not disclose or use Plaintiff Suntek's proprietary information and /or
4  trade secret without obtaining a written authorization, permission or license from Plaintiff
5  Suntek; and (d) any unauthorized use or disclose of such proprietary information and/or trade
6  secret by them would constitute unfair competition.
7         9. Plaintiff Suntek later assigned Plaintiff Atech's memory card reader sales team to
8  Defendants Lin and Wang. Defendant Lin was assigned to work as Sales Director and managed
9  all Atech's flash memory card business. Defendant Wang was assigned to work as Marketing
10 Manager for both Plaintiffs Suntek and Atech. As a precondition of their employment with
11 Plaintiff Atech, Defendants Lin and Wang orally agreed and acknowledged that (a) all
12 proprietary information of Plaintiff Atech including, but not limited to, product information,
13 technical and/or engineering data, customer list, vendor and supplier list, pricing data, sources of
14 supply, and financial data of Plaintiff Atech constituted valuable proprietary rights and/or trade
15 secret; (b) they would return all such proprietary information to Plaintiff Atech upon the
16 termination of their employment with Atech; (c) would not disclose or use Plaintiff Atech's
17 proprietary information and /or trade secret without obtaining a written authorization, permission
18 or license from Plaintiff Atech; (d) would not engage in any competitive activities against
19 Plaintiff Atech either directly or indirectly, and (e) any unauthorized use or disclose of such
20 proprietary information and/or trade secret by them would constitute unfair competition.
21        10. Defendants Lin and Wang terminated their employment relationship with Plaintiffs
22 Suntek and Atech on or about March 31, 2006. Prior to their resignation, Plaintiffs Suntek and
23 Atech asked Defendants Lin and Wang to return all Plaintiffs' confidential proprietary
24 information in their possession to Plaintiffs, and reminded Defendants Lin and Wang of their
25 contractual obligations of confidentiality, non-use, non-disclosure, and non-competition after
26 their termination of employment with Plaintiffs. Defendants Lin and Wang affirmed to Plaintiffs
27 that they had returned to Plaintiffs all of Plaintiffs' proprietary information in their possession,
28 and assured to Plaintiffs that they would not breach their duties of non-disclosure and non-use of

3

1  Plaintiffs' proprietary information after their termination of employment relationship with
2  Plaintiffs. Defendants Lin and Wang further agreed that they would not disclose, call on, solicit,
3  or take away any of Plaintiffs' customers, vendors, and/or suppliers after the termination of their
4  employment with Plaintiffs.

5  11. Plaintiffs' proprietary information set forth above have great economic value in that it
6  contained information not generally known within the trade and represented many years of
7  technology research and development as well as client, vendor and supplier communications.
8  The product information and technical and/or engineering data especially require years of
9  development and improvement before they can be matured into a competitive product. The
10 customer list and vendor list provide any business in the same or similar trade as Plaintiffs with
11 ready and accessible contacts of potential buyers, vendors and suppliers. Plaintiffs have spent
12 substantial amount of time, energy, and money in generating such proprietary information, and
13 have made reasonable efforts to insure that their proprietary information remained confidential
14 by disclosing them only to those top management employees who needed the information to
15 perform their jobs such as the positions of Sales Director and Marketing Manager occupied by
16 Defendants Lin and Wang. Plaintiffs have also made reasonable efforts to insure the secrecy of
17 their proprietary information by requesting all employees to agree not to disclose or use
18 Plaintiffs' confidential proprietary information without Plaintiffs' prior authorization and
19 advising them of the severe consequence of any such violation.

20 12. Plaintiffs are informed and believe, and thereupon allege, that Defendants Lin and
21 Wang registered a domain name "pixeldevice.com" in or about January 2006 with the intent to
22 conduct business in the sale of multi-media card readers in direct competition with Plaintiff
23 Atech. Defendants Lin and Wang later abandoned "pixeldevice.com" after they unintentionally
24 revealed the domain name in Plaintiffs' offices.

25 13. Plaintiffs are informed and believe, and thereupon allege, that Defendants Lin and
26 Wang registered a domain name "imagedevice.com" in or about March 2006, and started to
27 conduct business in the sale of multi-media card readers in direct competition with Plaintiff
28 Atech. Plaintiffs are further informed and believe, and thereupon allege, that Defendants Lin and

4

(THE FIRST AMENDED COMPLAINT FOR DAMAGES)

1  Wang established Defendant Image Device; Defendant Wang owns Defendant Image Device;
2  and both Defendants Lin and Wang are currently working for Defendant Image Device.
3      14. Plaintiffs are informed and believe, and thereupon allege, that in or about March 2006
4  and continuing to present time, Defendants Lin and Wang took the Plaintiffs' confidential
5  proprietary information without Plaintiffs' authorization and/or consent, and used the said
6  confidential proprietary information to their personal economic advantages in that: (a)
7  Defendants manufacture memory card readers, including but not limited to KMR-3 series, by
8  using and/or copying Plaintiffs' confidential proprietary information including, but not limited
9  to, engineering and mechanical specifications, housing and cover designs, internal design and
10 physical layout, and sell and market those memory card readers on the market in direct
11 competition with Plaintiffs; and (b) Defendants contact Plaintiffs' customers, vendors and
12 suppliers, including but not limited to Rpsoft Sas, solicit their business and undercut Plaintiffs'
13 business by diverting their business from Plaintiffs to Defendant Image Device.
14     15. As a proximate result of the aforesaid acts of Defendants, Plaintiffs have suffered
15 damages in the nature of lost profits resulting from decreased sales in the sum exceeding
16 $75,000.00
17     16. Plaintiffs are informed and believe and thereon allege that the aforementioned acts of
18 Defendants were willful, malicious and oppressive in that Defendants took Plaintiffs'
19 confidential proprietary information with the deliberate intent to injure Plaintiffs' business and
20 improve their own business. Plaintiffs are therefore entitled to punitive damages and reasonable
21 attorney fees.
22     17. Defendants' aforesaid wrongful conduct, unless and until enjoined and restrained by
23 order of this Court, will cause great and irreparable injury to Plaintiffs' business in that Plaintiffs
24 have lost several purchase orders from their customers and will continue to lose accounts or even
25 be driven out of business before this action can be brought to trial.
26     18. Plaintiffs have no adequate remedy at law for the injuries currently being suffered
27 and/or which are threatened in that Defendants will continue to use Plaintiffs' confidential
28 proprietary information and Plaintiffs would be required to maintain a multiplicity of legal

(THE FIRST AMENDED COMPLAINT FOR DAMAGES)

proceedings to protect their rights and interests.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

19. Plaintiffs reallege and incorporate into this Cause of Action by reference Paragraphs 1 through 18 of the Plaintiffs' Complaint set forth above.

20. Plaintiffs have performed all obligations required under the employment contract.

21. Defendants Lin and Wang breached the employment contract by (a) disclosing and using Plaintiffs' confidential proprietary information to their own economic advantages, and (b) engaging in direct competition with Plaintiffs and soliciting and diverting Plaintiff's customers, vendors and suppliers from Plaintiffs.

22. As a result of breach of contract by Defendants Lin and Wang, Plaintiffs have been damaged in the sum exceeding $75,000.00.

## SECOND CAUSE OF ACTION
### (Conspiracy-Breach of Contract)

23. Plaintiffs reallege and incorporate into this Cause of Action by reference Paragraphs 1 through 22, inclusive, of the Plaintiffs' Complaint and First Cause of Action set forth above.

24. In or about March 2006, Defendants Lin and Wang, and each of them, knowingly and willfully conspired and agreed among themselves to damage Plaintiffs by depriving Plaintiffs of the benefits of the contract by misappropriating Plaintiffs' confidential proprietary information to themselves and breach their employment agreement with Plaintiffs.

25. Plaintiffs are informed and believe, and thereon allege, that in or about April 2006 Defendants agreed and knowingly and willfully conspired between themselves to misappropriate Plaintiffs' confidential proprietary information and hinder and injure Plaintiffs' business by using Plaintiffs' confidential proprietary information in direct competition against Plaintiffs.

26. Defendants did the acts and things herein alleged pursuant to, and in furtherance of, the conspiracy and agreement alleged above.

27. Plaintiffs have performed all conditions, covenants, and promises under the contract on their part to be performed.

(THE FIRST AMENDED COMPLAINT FOR DAMAGES)

1  28. As a direct and proximate result of the wrongful acts herein alleged, Plaintiffs have been damaged in the sum exceeding $75,000.00.

29. At all times mentioned herein, Defendants knew that their unlawful acts would cause serious damages to Plaintiffs. Notwithstanding this knowledge, Defendants intentionally, willfully, fraudulently, and maliciously did the things herein alleged to hinder and injure Plaintiffs' business. Plaintiffs are therefore entitled to exemplary or punitive damages.

## THIRD CAUSE OF ACTION

### (Conversion)

30. Plaintiffs reallege and incorporate into this Cause of Action by reference Paragraphs 1 through 29, inclusive, of the Plaintiffs' Complaint and First and Second Causes of Action set forth above.

31. At all times herein mentioned, Plaintiffs were, and still are, the owner of the aforesaid confidential proprietary information and were, and still are, entitled to the possession of their confidential proprietary information.

32. During the course of their employment, Defendants Lin and Wang were entrusted with the Plaintiffs' confidential proprietary information including, but not limited to, product information, technical and/or engineering data, product specifications and designs, customer list, vendor and supplier list, pricing data, sources of supply, and financial data.

33. During the period of their employment, Defendants Lin and Wang, by means of false, fraudulent and deceptive practice, misappropriated and converted to their own use and possession, without Plaintiffs' knowledge or consent, the Plaintiffs' confidential proprietary information, all of which belonged to Plaintiffs.

34. As a proximate result of the conversion by Defendants Lin and Wang, Plaintiffs have sustained damages in the sum exceeding $75,000. Plaintiffs have further spent time and money in pursuit of the converted property, all to Plaintiffs' further damage in the sum of $30,000.00, of which the damages are continuing.

35. The Defendants Lin and Wang' acts alleged above were willful, wanton, malicious, and oppressive and justify the awarding of exemplary and punitive damages.

7

(THE FIRST AMENDED COMPLAINT FOR DAMAGES)

FOURTH CAUSE OF ACTION

(Conspiracy-Conversion)

36. Plaintiffs reallege and incorporate into this Cause of Action by reference Paragraphs 1 through 35, inclusive, of the Plaintiffs' Complaint and First through Third Causes of Action set forth above.

37. In or about March 2006, Defendants Lin and Wang, and each of them, knowingly and willfully conspired and agreed among themselves to damage Plaintiffs by depriving Plaintiffs of the benefits of the employment contract by converting Plaintiffs' confidential proprietary information to themselves.

38. Plaintiffs are informed and believe, and thereon allege, that in or about April 2006 Defendants agreed and knowingly and willfully conspired between themselves to convert Plaintiffs' confidential proprietary information to their own use and benefit.

39. Defendants did the acts and things herein alleged pursuant to, and in furtherance of, the conspiracy and agreement alleged above.

40. As a direct and proximate result of the wrongful acts herein alleged, Plaintiffs have been damaged in the sum exceeding $75,000.00.

41. In doing the things herein alleged, Defendants acted willfully and with the intent to cause injury to Plaintiffs. Defendants were therefore guilty of malice and/or oppression and/or fraud in conscious disregard of Plaintiffs' rights, thereby warranting an assessment of punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

FIFTH CAUSE OF ACTION

(Unfair Competition – Bus. & Prof. Code. 17200, *et seq.*)

42. Plaintiffs reallege and incorporate into this Cause of Action by reference Paragraphs 1 through 41, inclusive, of the Plaintiffs' Complaint and First through Fourth Causes of Action set forth above.

43. The Defendants' acts hereinabove alleged are acts of unfair competition within the meaning of Business and Profession Code §17203. Plaintiffs are informed and believe that

Defendants will continue to do those acts unless the court orders Defendants to cease and desist.

44. Plaintiffs have incurred and, during the pendency of this action, will incur expenses for attorney's fees and costs herein. Such attorney's fees and costs are necessary for the prosecution of this action. The sum of $100,000.00 is a reasonable amount of attorney's fees herein.

## SIXTH CAUSE OF ACTION

(Intentional Interference of Economic Relationship)

45. Plaintiffs reallege and incorporate into this Cause of Action by reference Paragraphs 1 through 44 of Plaintiffs' Complaint and First through Fifth Causes of Action set forth above.

46. Defendants knew of the existing business relationship between Plaintiffs and their customers, vendors and suppliers in that Defendants Lin and Wang were employed by Plaintiffs and supervised the entire Plaintiffs' memory card reader business during their employment with Plaintiffs.

47. Defendants Lin and Wang breached their employment agreement with Plaintiffs by disclosing Plaintiffs' confidential proprietary information to Defendant Image Device, and Defendants started to use and exploit Plaintiffs' proprietary information to their own economic gain and advantage. Defendants further started to contact Plaintiffs' customers, vendors and suppliers, including, but not limited to, Rpsoft Sas, by representing that Defendants' products were better than those of Plaintiffs, and diverted Plaintiffs' business with those customers, vendors and supplier to Defendants, all with the intent to harm Plaintiffs financially.

48. As a result of Defendants' acts, Plaintiffs have lost several their customers, vendors and/or suppliers, and sustained damages in the sum exceeding $75,000.00.

49. The aforementioned acts of Defendants, and each of them, were willful and malicious. Plaintiffs are therefore entitled to punitive damages.

## SEVENTH CAUSE OF ACTION

(Misappropriation of Trade Secret – California Civil Code §3426 *et seq*.)

50. Plaintiffs reallege and incorporate into this Cause of Action by reference Paragraphs 1 through 49 of Plaintiffs' Complaint and First through Sixth Causes of Action set forth above.

(THE FIRST AMENDED COMPLAINT FOR DAMAGES)

1    51. Plaintiffs were in possession of trade secrets as hereinabove alleged.

2    52. Plaintiffs' trade secrets have great economic value in that their product information,
3    technical and/or engineering data, customer list, vendor and supplier list, pricing data, sources of
4    supply, and financial data are the product of expensive research and development over the years.
5    Plaintiffs made reasonable efforts to insure that the trade secrets remained a secret by restricting
6    and limiting employees' access to the information and only top management personnel in the
7    company, such as Defendants Lin and Wang would have access upon their agreement to the
8    Plaintiffs' confidentiality, non-use and no-disclosure policy.

9    53. In or about March 2006, Defendants Lin and Wang, and each of them,
10   misappropriated the above-described trade secrets by fraudulent representation that they had
11   returned all of the aforesaid trade secrets to Plaintiffs upon their termination of employment with
12   Plaintiffs.

13   54. Plaintiffs are informed and believe, and thereon allege, that in or about April 2006
14   Defendants Lin and Wang disclosed Plaintiffs' trade secrets to Defendant Image Device, and
15   agreed and knowingly and willfully conspired between themselves to use and exploit plaintiffs'
16   trade secrets to their own benefit and economic gain.

17   55. As a proximate result of the Defendants' misappropriation of Plaintiffs' trade secrets
18   and using Plaintiffs' trade secrets in manufacturing and selling competitive products against
19   Plaintiffs, Plaintiffs have sustained damages in the sum exceeding $75,000.00. As a further and
20   proximate result of the misappropriation, Defendants were unjustly enriched in the sum of
21   exceeding $100,000.00.

22   56. Because neither Plaintiffs' actual damages nor Defendants' unjust enrichment are
23   subject to proof, Plaintiffs are entitled to a reasonable royalty in the amount of five percent (5%)
24   of the revenue received by Defendants from their sales of memory card readers.

25   57. Plaintiffs are informed and believe and thereon allege that the aforementioned acts of
26   Defendants were willful and malicious in that Defendants misappropriated Plaintiff's trade
27   secrets with the deliberate intent to injure Plaintiffs' business and improve their own. Plaintiffs
28   are therefore entitled to punitive damages. Plaintiffs are also entitled to reasonable attorney's

(THE FIRST AMENDED COMPLAINT FOR DAMAGES)

fees.

58. Defendants' wrongful conduct in misappropriating Plaintiffs' secrets, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to Plaintiffs' business in that Plaintiffs have lost several of their profitable accounts and are continuing to lose accounts, and they may be forced out of business before this action can be brought to trial.

59. Plaintiffs have no adequate remedy at law for the injuries currently being suffered in that Defendants will continue to misappropriate the trade secrets and Plaintiffs would be required to maintain a multiplicity of judicial proceedings to protect their interests.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1. For damages in the amount not less than $75,000.00 according to proof;

2. For interest on the rate of ten percent per annum on the aforesaid damages from and after April 1, 2006;

3. For an order requiring Defendants to show cause, if any they have, why they should not be enjoined as hereinafter set forth, during the pendency of this action;

4. For a temporary restraining order, a preliminary injunction, and a permanent injunction, all requiring Defendants and each of them and her/his/its/their agents, servants, and employees, and all persons, acting under, in concert with, or for her/him/it/them:

   a. to refrain from continuing the misappropriation of Plaintiffs' trade secrets by ongoing use of Plaintiffs' trade secrets;

   b. to return all proprietary information back to Plaintiffs.

5. For General damages and amount necessary to prevent the unjust enrichment of Defendants.

6. For reasonable royalties in the amount of five (5%) of total revenues derived from Defendants' sales of memory card readers.

7. For exemplary and punitive damages in an amount appropriate to punish Defendants and each of them and deter others from engaging in similar misconduct;

8. For reasonable attorney's fees and costs of suit herein incurred; and

(THE FIRST AMENDED COMPLAINT FOR DAMAGES)

1  9. For such other and further relief as the Court may deem just and proper.

2  [PLAINTIFFS DEMAND FOR A JURY TRIAL]

3  Dated: October 8, 2007

4      /s/ Yung-Ming Chou
Yung-Ming Chou
Attorney for Plaintiffs
Sunus Suntek Inc. & Atech Flash Technology Inc.

(THE FIRST AMENDED COMPLAINT FOR DAMAGES)

PROOF OF SERVICE BY E-MAIL

Yung-Ming Chou certifies:

  I am, and at times mentioned herein was, an active member of the State Bar of California and not a party to the within cause. My business address is 39111 Paseo Padre Parkway, Suite 207, Fremont, CA 94538.

  On October 8, 2007, I served a copy of attached PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES by electronic mail to the following recipient:

    Jeffrey K. Lee
    Sallie Kim
    GCA Law Partners LLP
    1891 Landings Drive
    Mountain View, CA 94043
    Tel: (650) 428-3900
    Fax: (650) 428-3901
    E-Mail: jlee@gcalaw.com
    E-Mail: skim@gaclaw.com

  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: October 8, 2007

             /s/ Yung-Ming Chou
             Yung-Ming Chou

(THE FIRST AMENDED COMPLAINT FOR DAMAGES)